## LYON & GRIBBLE V. LOGAN & MUNDY.

(Case No. 5646.)

1. MECHANIC'S LIEN—DESCRIPTION OF PREMISES—AFFIDAVIT—See opinion for description of the premises, in a petition to foreclose a mechanic's lien, held uncertain and contradictory when taken in connection with the description of the registered affidavit.

APPEAL from Clay.   Tried below before the Hon. B. F. Williams. The opinion states the facts.

*Davis & Garnett*, for appellants, cited: Poole *v.* Wedemeyer, 56 Tex., 287 ; Stuart *v.* Broome, 59 Tex., 466 ; Swope *v.* Stantzenberger, 59 Tex., 387 ; Phillips on Mech. Liens, secs. 382, 383.

No briefs on file for appellees.

ROBERTSON, ASSOCIATE JUSTICE.—The statute requires the land encumbered by a mechanic's lien to be described upon the registry. That sought to be thus charged in this case was described in the registered affidavit as "lot one or two of block sixty-six of the town of Henrietta, Texas, purchased by said Logan from James Martin." The petition alleged that Logan received from Martin title to the whole block by one conveyance, and in effect admitted that the block was divided into lots, but only by imaginary lines. The petition claimed the lien was on the whole block. The registry supports no such claim. A lien on lot one or two, of block sixty-six, cannot be stretched over the whole block —no more than it could be extended over the whole town of Henrietta. The town and the block are named as the means of identifying the lots. But the affidavit also states that the material was furnished to erect *"the* house on lot one or two." If it had been averred that there was any confusion in the numbering of the lots, and that the house was on a particular one, this might explain the ambiguity. No such averment was made. The claim of lien on one of the two lots, as asserted in the affidavit, was not made certain by the petition, and the claim in the petition of a lien upon the whole block was not supported, but contradicted, by the affidavit.

The demurrer to the petition as a suit to foreclose a lien was properly sustained, and the debt left was not in the jurisdiction of the district court. The plaintiffs having declined to amend, the judgment of dismissal was correctly entered and must be affirmed.

AFFIRMED.

[Opinion delivered April 13, 1886.]