## MAJORS et al. v. STRICKLAND et al.
### (No. 634.)

Court of Civil Appeals of Texas. Waco. April 19, 1928.

Rehearing Denied May 17, 1928.

1. **Mortgages 187—Mortgagee in possession is entitled to retain possession until debt secured is fully paid.**

Mortgagee in possession has right to retain possession of the property until the debt secured by the mortgage lien is fully paid.

2. **Mortgages 187—Contractors to whom owner conveyed lots and delivered possession to enable them to procure loan for payment of outstanding indebtedness held mortgagees in possession, entitled to retain property until entire indebtedness was discharged.**

Contractors to whom owner conveyed lots after completion of building, putting contractors in possession, for purpose of enabling them to secure a loan for discharge of outstanding indebtedness, including their contract price, *held* mortgagees in possession, entitled to retain possession of the property until such indebtedness was fully paid, notwithstanding sale by mortgagor to third parties.

3. **Contracts 143—Duty of court is to enforce contracts and not to make them.**

The duty of the court is to enforce contracts, and court has no right to make contracts for the parties.

4. **Mortgages 194—Contractors holding deed as mortgagees in possession held entitled to reimbursement for legitimate expenses incident to rental, insurance, and upkeep of property.**

Contractors holding deed to property, on which building was erected, for purpose of pro-

curing loan to discharge outstanding indebtedness, who held as mortgagees in possession, were entitled to reimbursement for reasonable and legitimate expenses incurred in keeping property insured and expenses incidental to rental and upkeep thereof, as against the mortgagor and his assignees.

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by W. B. Strickland against W. G. Majors and another in which Hill and Phipps intervened. From an adverse judgment, defendants appeal. Reversed and remanded.

Holloway & Holloway and Walter B. Branan, all of Dallas, for appellants.

J. L. Zumwalt and Johnson, McCoy & McMillan, all of Dallas, for appellees.

BARCUS, J.  Appellee W. B. Strickland owned a lot in the city of Dallas against which there were two liens, one for $2,000 and the other for $2,500. He desired to erect an apartment house thereon, and, for the purpose of raising sufficient funds with which to pay therefor, he executed a $25,000 mechanic's lien note to his brother. He thereafter entered into a contract with appellants who were contractors, to erect said apartment house at a cost of $13,500, and had his brother transfer the $25,000 mechanic's lien note to them as security. Appellee Strickland was not able to secure a sufficient loan before the apartment· house was completed to pay the outstanding liens and the contract price, and about the time same was completed he conveyed the property by deed to appellants. At the time or shortly after he conveyed the same to appellants he contracted to sell the apartment house to appellees Hill and Phipps for 753 acres of land, against which he was to assume certain indebtedness, and they were to execute or assume notes against the apartment house for $20,000. Appellee Strickland brought this suit, alleging that at the time he made the contract with appellants to construct the building it was agreed that the money to pay for said improvements was to be raised by a loan on said property at the completion thereof. He alleged that the two notes, aggregating $4,500, were outstanding against the property, and that in addition to the payment of the contract price said prior indebtedness was to be cared for from the proceeds of the loan. He alleged further that after the building was completed, appellants, being anxious to get their money, and being desirous of speeding up and hastening the closing of the loan whereby they would be paid for the construction of said improvements, and believing that they, appellants, could place a loan more advantageously and quickly than he, agreed that if he would deed the property to them they would place a loan thereon for the $20,000, and after paying the $13,500, which was their contract price for building the house, and the $4,500 liens, and clearing the property from all other indebtedness, any amount left from said loan would be paid to him, Strickland. Appellee Strickland alleged that:

"It was further agreed that as soon as said loans should be placed against said property, said Majors and Watson would execute a deed conveying the same to Hill and Phipps."

Hill and Phipps intervened and adopted the pleadings of Strickland, and alleged that as part of the purchase price they were to execute their notes against the property in Dallas· for $20,000, which were to be used to obtain a loan for said amount, and that all cash from the sale of said notes over $18,000 was to be turned over to Strickland; that appellants agreed to secure a loan on said property in the sum of $20,000 and to make the deed of conveyance to them. They did not allege that they at any time executed the $20,000 note, or that' they tendered the $20,000 note to appellants, or that they or appellants at any time could have floated a loan against the property for $20,000. Appellants alleged that they were to receive $13,500 for building the apartment house; that Strickland was to secure a loan sufficient to pay said contract price; that he failed to do so, and that suit was threatened on the two lien notes against the land, and, in order to protect them, appellee Strickland conveyed the property to them and put them in possession of the premises; that they were required to and had paid the two notes , of $4,500, with accumulated interest; that they had placed a loan which Strickland negotiated against the property for $17,000, and out of this they had paid said notes, aggregating $4,653.06, and had paid the commission for obtaining the loan and had paid some other items which they enumerated, and that the net amount which they had received was $11,904.47; that there were in addition some extra expenses that Strickland was obligated to pay.

The cause was tried to the court without a jury. The trial court filed findings of fact and conclusions of law. No statement of facts accompanies the record. The trial court's findings, epitomized, are:

"That appellee Strickland owned the lot in Oak Cliff, against which there were two notes, one for $2,000 and the other for $2,500, and that he desired to have built on said property an apartment house, and entered into negotiations with the defendants (appellants) for said purpose; that in order to obtain a loan with which to pay for said building he executed a mechanic's lien note to his brother for the sum of $25,000, which was afterwards transferred to the appellants; that appellee Strickland entered into a contract with the appellants to erect the apartment house for a total consideration of $13,500; that appellee Strickland thereafter sold the apartment house to the interveners Hill and Phipps for 753 acres of land, subject to certain indebtedness against the same, and that Hill, in addition thereto, agreed to execute notes against the apartment house in

the total sum of $20,000, upon which a loan in a first and second lien to said amount should be obtained by the defendants [appellants]; that appellants were informed of said contract of sale to Hill and executed a written agreement that the apartment house had been deeded to them for the purpose of obtaining a loan in the sum of $20,000, and that Hill was to execute his notes for said amount, which should be used in obtaining said loan, and that as soon as said loan should be placed by the defendants, they would deed said property to said Hill; that the apartment house was conveyed by appellee Strickland to appellants in September, 1926, and that appellee Strickland, through J. A. Sanders, negotiated a loan on the property for $17,-000 with the United Bond Company of America, which was applied first to the payment of the two notes for $2,000 and $2,500 and the expenses connected therewith, and the balance was applied upon the $13,500 mechanic's lien contract held by appellant; that immediately after Hill and Phipps learned that the $17,000 loan had been obtained, they tendered to appellants their note for $3,000, payable 5 years after date, with 8 per cent. interest, which was refused, and thereafter Hill and Phipps tendered their note for $3,000, payable to appellants at $50 per month, and demanded that the apartment house be conveyed to them, which was refused; that in December, 1926, appellants purchased furniture and placed it in the apartment house and leased same out, and had received gross rents up to the 1st of March, 1927, of $848; that the deed from appellee Strickland to appellants was made for the purpose of obtaining a loan in accordance with the contracts between all the parties."

The court entered judgment awarding the title and possession of the apartment house to interveners Hill and Phipps, subject to the loan of $17,000 which appellants had placed against it, and established a second lien against the property in favor of appellants for $3,000, payable to appellants March 10, 1932, with 8 per cent. interest from October 1, 1926, and entered a personal judgment in favor of Hill and Phipps against appellants for the entire $848 which they had received for the furnished apartments as rent, and refused to permit same to be credited against the debt for $3,000, which the court's judgment required appellants to take against said property as a second lien, and refused to allow appellants any recovery for the money they spent in keeping the property insured and the expense incurred in the rental thereof.

[1-3] Appellants by proper assignments contend that the judgment of the trial court is contrary to both the pleadings and findings of the trial court, and that the effect of the judgment is that the court made a contract between the parties that was never contemplated by them and never agreed to by them. We sustain this contention. There is not a word of pleading by any of the parties that authorized the trial court to enter a judgment requiring appellants to accept a vendor's lien note for $3,000, payable March 10, 1932, bearing interest at 8 per cent. per annum from October, 1926, against the property, in part payment of the amount due them for building said apartment house. There is not in any of the pleadings any suggestion that appellees Hill and Phipps agreed to execute such a note, or that appellants agreed to accept such a note in part payment for the building of said apartment house. Appellee Strickland alleged that the apartment house was to be paid for in cash at the time of its completion. None of the parties by their pleadings contend that they had any kind of agreement, or that it was within the contemplation of any of the parties that appellants should be forced to accept a second lien note, payable 5½ years after the building was completed, as part pay for the work done by them. We think a fair deduction from the record as a whole is that appellants were to build the apartment house for $13,500, and that Strickland executed a mechanic's lien against the property, which was assigned to appellants, and that on said mechanic's lien note Strickland was to obtain a loan against the property by the time of its completion sufficient to discharge the first liens and pay appellants in cash; that Strickland was not able to obtain a sufficient loan, and in order to satisfy appellants, after the building was completed he conveyed the same to them and put them in possession, with the understanding that as soon as a loan for $20,-000 with which to discharge all outstanding indebtedness, including their contract price, could be obtained on said property, same was to be conveyed to Hill and Phipps, who were to either assume the $20,000 or give their notes for said amount in lieu thereof. There is no pleading nor any finding of the court that appellants were to surrender possession of the property before they had received the total amount of their debts against the same. The effect of appellants' pleadings as well as the findings of the court is, as we construe same, that appellants were mortgagees in possession of the property. If they were mortgagees in possession, they had the right to retain possession of the property until their debt secured by said lien was fully paid. The rule laid down in 41 C. J. 613, seems to be well established that:

"It is the unquestioned right of a mortgagee lawfully in possession to retain it until he has received full satisfaction of his mortgage debt * * * and he cannot be deprived of it by any act of the mortgagor or one claiming under him."

Under this rule there are cited authorities from practically every state in the Union, among them being Bateson v. Choate, 85 Tex. 239, 20 S. W. 64; Rodriguez v. Haynes, 76 Tex. 225, 13 S. W. 296; Bosse v. Johnson, 73 Tex. 608, 11 S. W. 860; Hannay v. Thompson, 14 Tex. 142; Vanderwolk v. Matthaei (Tex. Civ. App.) 167 S. W. 304. Under the pleadings and findings of the court in this case, appel-

lants should not be deprived of their right to retain possession of the property until their debt against the same has been fully discharged. The court has no right to make for the parties a contract. It is the duty of the court to enforce, but not to make, contracts. Stevens v. Palmour (Tex. Civ. App.) 269 S. W. 1057.

[4] Appellants further complain of the action of the trial court in refusing to allow them their reasonable and legitimate expenses incurred in keeping the property insured and incident to the rental and upkeep thereof. We sustain this contention. The rule seems to be well established, as stated in 41 C. J. p. 616, that:

"A mortgagee in possession should be reimbursed for necessary expenses, but not for those unlawfully incurred." Bomar v. Smith (Tex. Civ. App.) 195 S. W. 964.

The judgment of the trial court is reversed and the cause remanded.