## PYLE v. TREAT.
### No. 1101.

Court of Civil Appeals of Texas. Waco.
Oct. 29, 1931.

Rehearing Denied Dec. 31, 1931.

R. G. Storey and Knox W. Sherrill, both of Dallas, for appellant.

B. Ray Smith, of Dallas, for appellee.

BARCUS, J.

Appellee instituted this suit on a verified account to recover $296.13 which he claimed appellant owed him; appellee's contention being that he sold and delivered the merchandise to Worth Pharmacy No. 2 owned by appellant, in that said goods were purchased by and delivered to P. D. Nicholas, the agent of appellant in charge of said store. Appellant, under oath, denied owing the account either in whole or in part, and denied that P. D. Nicholas was his agent or had any authority to purchase the goods in controversy. The trial court submitted the following special issue to the jury: "Do you find and believe from a preponderance of the evidence that the Mr. Nicholas mentioned in the evidence was authorized by the defendant, Dr. Pyle, to purchase for him any part of the merchandise described in the invoices in evidence before you?" which the jury answered, "Yes." In answer to the second issue propounded, the jury found that all or $296.13 worth of the merchandise was so purchased.

Appellant presents a number of propositions under his general contention that the trial court was not authorized to enter a judgment for appellee on the findings of the jury, because the jury did not find that appellant authorized Nicholas to purchase the goods for appellant on a credit. We overrule these propositions. It was shown without controversy that the merchandise was delivered to Worth Pharmacy No. 2, and that same was receipted for by Mr. Nicholas, who signed each of the invoices offered in evidence. The controlling issue was whether appellant had authorized Mr. Nicholas to purchase these identical goods. No contention was made that they had been paid for or that appellant had furnished Nicholas the money with which to pay therefor. If, as the jury found, appellant authorized Nicholas to purchase the goods, he was and is, as a matter of law, obligated to pay for them.

Appellant further contends that the findings of the jury are not supported by the evidence. We have carefully read the statement of facts, and think the evidence abundantly supports said findings.

We have examined all of appellant's assignments of error and propositions thereunder, and, finding no reversible error, the judgment of the trial court is affirmed.