## JOHNSON v. EDWIN SANGER MUSIC CORPORATION.

### No. 1246.

Court of Civil Appeals of Texas. Waco.
Sept. 22, 1932.

Rehearing Denied Oct. 20, 1932.

Wm. H. Clark and Leo R. Tresp, both of Dallas, for plaintiff in error.

Turner, Rodgers & Winn, M. B. Solomon, and Bert G. Ashby, all of Dallas, for defendant in error.

BARCUS, J.

Defendant in error instituted this suit against H. J. Johnson and J. R. Hill to recover the value of certain material furnished and labor performed in repairing the refrigerating system in a large apartment house in Dallas. It alleged that said parties were the co-owners and co-operators of said apartment house. It alleged that Mrs. Baun was the duly authorized agent of each of said parties in control of and operating said apartment house, and that she, as the authorized agent of each of said parties, employed defendant in error to furnish said material and perform said labor, and that by reason thereof each of said parties was personally liable therefor.

H. J. Johnson filed a cross-action against his co-defendant, J. R. Hill, alleging that he was the contractor who erected said apartment house for J. R. Hill, who agreed to pay him $146,000 therefor, and, to secure same, he executed a deed of trust lien on said property; that he had thereafter sold the property under the deed of trust, and he sought judgment against Hill for the amount of his debt that the property failed to bring under said sale. The cause was tried to the court and resulted in judgment being rendered in favor of defendant in error for $572.88 against each of the named parties, jointly and severally, and judgment in favor of Johnson against Hill for whatever amount he, Johnson, might pay on the judgment rendered in favor of plaintiff in error, and judgment in favor of Johnson against Hill for about $78,000, the amount of his unpaid claim against Hill. Johnson alone appeals.

The plaintiff in error presents three propositions; his contention thereunder being that the judgment of the trial court against him in favor of defendant in error is fundamentally erroneous because of a conflict in the trial court's findings of fact and conclusions of law. In its finding of fact No. 1, the trial court found that Hill and Johnson were co-owners and co-operators of the apartment house. By its finding of fact Nos. 8 and 9 it found that Johnson had a lien on said property to secure his debt, and that Hill had executed to Johnson a deed of trust on the apartment house to secure said debt, and that the deed of trust lien was thereafter foreclosed and Johnson became the purchaser of the property thereunder, and that the sale under the deed of trust occurred after defendant in error's bill became due. Plaintiff in error's contention is that since the court found that at the time defendant in error's bill was made, Johnson was only a lienholder; that the finding that Johnson was a co-owner is in conflict with the finding that Johnson was a lienholder.

The record shows that Johnson as a contractor built the apartment house for Hill; that Hill executed his note payable to Johnson for approximately $146,000 and secured same by a deed of trust thereon, and agreed with Johnson that when the building was completed he would refinance same and obtain a loan with which to pay Johnson in full. When the building was completed Hill was unable to obtain the money, and Johnson refused to deliver possession thereof to Hill. The apartment house had been equipped with an elaborate refrigerating system. After it was ascertained that Hill could not refinance the loan and pay Johnson, Johnson and Hill agreed that Mrs. Baun would take charge of the apartment, handling same, and pay to Johnson all the rents received from said apartment house, after paying the operating expenses thereof. The refrigerating system would not work, and Mrs. Baun had defendant in error repair same, and thereafter

Johnson had the entire property sold under his deed of trust, and became the purchaser at said sale.

Whether the trial court's finding No. 1 that Johnson and Hill were co-owners and co-operators of the apartment house is in conflict with its findings Nos. 8 and 9, that thereafter Johnson became the purchaser of the property under a foreclosure sale, we think becomes unnecessary for us to determine. By its second and third findings of fact, which plaintiff in error does not assail, the court found that Mrs. Baun was the agent for both Johnson and Hill, and that each of them authorized and instructed her to make the bill, and that by reason thereof each of said parties became personally liable for said debt. Plaintiff in error testified that he as a contractor built the apartment house; that Mr. Hill agreed to pay him for building same when it was completed; that upon its completion Mr. Hill failed to pay therefor, and he refused to deliver possession of the property to Mr. Hill; and that he employed Mrs. Baun as his manager to take charge of the property and deliver the rents to him. Plaintiff in error was not required to deliver the apartment house to Hill until and unless the contract price was paid. He was the mortgagee in possession and as such had the right to incur all necessary expenses for the preservation and upkeep of the property. Majors v. Strickland (Tex. Civ. App.) 6 S.W.(2d) 133. Plaintiff in error, under the court's findings, having through his agent, Mrs. Baun, contracted the debt and agreed to pay therefor, thereby became personally obligated. Pyle v. Treat (Tex. Civ. App.) 44 S.W.(2d) 440. The fact that plaintiff in error as mortgagee in possession sold the property to satisfy his debt, did not relieve him from his obligation to pay the debts he contracted for the preservation of the property while it was in his possession.

All of plaintiff in error's assignments of error are overruled, and the judgment of the trial court is affirmed.