## SILVEY v. FORDYCE.
### No. 4679.

Court of Civil Appeals of Texas. Texarkana.
March 14, 1935.

Lasseter, Simpson & Spruiell, of Tyler, for appellant.

Reg L. Jones, of Henderson, for appellee.

HALL, Justice.

On February 3, 1932, R. E. L. Silvey and J. B. Patty entered into a written contract whereby J. B. Patty was to drill an oil well on a 2.5-acre lease described in said contract. Patty was to drill the well to production and connect same with the pipe line, pay to Silvey $850 for the derrick and slush pit already on said premises, and pay the sum of $100 to the city of Overton for a permit to drill the well. Silvey was to furnish the drilling rig which was located in Gladewater, Tex., some dis-

tance from the lease, but same was to be transported to the lease at the cost of Patty. When said well was connected with the pipe line, Silvey was obligated to assign to Patty 60 per cent. of said leasehold estate. The $850 for the derrick and slush pit were to be paid on or before fifteen days from the date of the agreement. Silvey agreed that the title to the property was good and merchantable, but, if found not to be so, he would make same good at his cost. Patty agreed to begin the moving of machinery on the said premises by the 6th day of February, 1932, and to begin the actual drilling of the well on or before fifteen days after the date of the contract.

Patty failed to pay the $850 for the derrick and slush pit, and also failed to begin the drilling operations on said well on or before fifteen days from the date of the contract. Silvey gave him some additional time in which to make payment of the $850, but same was never paid, nor was the well ever begun by Patty. The contract was canceled by Silvey on account of its being breached by Patty. At a later date Silvey contracted with Prine, Graham, and Hester to drill the well, and they did drill same to completion. The appellee herein, Fordyce, was employed by Patty to transport the drilling rig from Gladewater to the leased premises near the town of Overton, Rusk county, Tex., and agreed to pay him therefor the sum of $35 per truckload. After appellee had delivered twelve truckloads of said drilling rig to the leased premises, Patty informed him that his contract with Silvey had been canceled by Silvey, and that he could not go any further with the drilling operations. Appellee then approached Silvey with reference to paying him for the hauling of said rig to the lease and Silvey refused, stating the fact that he had not employed him to transport said rig and could not pay him.

On April 26, 1932, appellee filed his laborer's lien with the county clerk of Rusk county, Tex., setting out the labor performed and the price charged therefor. Patty could not pay the indebtedness due appellee, and Silvey refused to pay same.

Suit was instituted in district court of Rusk county, Tex., by appellee against Silvey, Patty, Prine, Graham, and Hester, alleging the contract which appellee had with Patty to transport the machinery to the leased premises; and also alleging that Patty and Silvey were partners in their venture, that, if they were not partners, Patty by contract, express or implied, was employed by Silvey to do said hauling, and that Patty in turn employed appellee. Appellee alleges further, in the alternative, that, if he be mistaken in the statement that Silvey and Patty were acting as partners or as mutual contractors, then that they knowingly received and retained the benefits of said hauling by appellee, and thereby impliedly promised and became bound to pay plaintiff the reasonable value thereof. Patty did not answer, but accepted service of process and waived the issuance of same. Silvey answered by general demurrer and special exceptions, general denial and special denial of partnership, and denied, further, that he had ever made any contract with appellee, either directly or indirectly. Prine, Graham, and Hester adopted the pleadings of Silvey.

A trial was had to the court which resulted in judgment for appellee against J. B. Patty and R. E. L. Silvey in the sum of $420, together with a foreclosure of a laborer's lien on 2.5 acres of land described by metes and bounds. No judgment was rendered against Prine, Graham, or Hester. From this judgment R. E. L. Silvey alone prosecutes this appeal.

Errors are assigned: (1) That there was no contract of employment, express or implied, between appellee and Silvey; (2) no such facts exist as will authorize the judgment against Silvey on a quantum meruit; (3) because the laborer's lien affidavit filed by appellee wholly fails to describe the land or lease described in the judgment, but describes an entirely different tract of land; (4) because the affidavit fixing the laborer's lien does not give the date that the indebtedness, if any, against Silvey accrued. Other assignments are brought forward, but, owing to the disposition to be made of this case, we do not deem it necessary to pass upon them.

■ Under the facts of this case, we do not think that Silvey can be held to account to appellee personally for the transportation of said drilling rig. There is no testimony in the record to the effect that the appellee had any agreement of any kind with Silvey to transport same to the leased premises. On the contrary, appellee testifies that he never spoke to Silvey about the transporting of said drilling rig until after the work was performed and the contract between Silvey and Patty had been ended. The mere fact that Silvey later used the machinery placed upon the ground by appellee would not render him liable on a quantum meruit. The contract between Patty and Silvey bound Patty to transport the drilling rig from Gladewater, Tex.,

to the leasehold at Patty's own expense and cost.

■ We will next consider whether the lien attempted to be fixed by appellee on the 2.5-acre leasehold ever attached. In appellee's affidavit for laborer's lien, he describes the leasehold estate as being located in Rusk county, Tex., and being the oil and gas lease recorded in volume 177, p. 83, of said Deed Records; that R. E. L. Silvey and J. B. Patty were the owners of same, and makes direct reference thereto as the premises upon which he fixes his lien. In his petition upon which he went to trial he describes the tract of land by metes and bounds as being the east 2½ acres, a part of the John Womack survey located in Rusk county, Tex., and beginning at the southwest corner of the tract of land described in volume 177, p. 83, of the Deed Records of Rusk county, Tex. A reference to the field notes on the 2.5-acre tract described in the petition and upon which the judgment of the court fixes a lien reveals that the 2.5-acre tract is entirely without the tract of land described in volume 177, p. 83, Deed Records, Rusk county, Tex., which is the reference in the affidavit fixing the lien. In the case of Lyon et al. v. Logan et al., 68 Tex. 521, 5 S. W. 72, 73, 2 Am. St. Rep. 511, opinion by Judge Stayton, it is held that, where an affidavit fixes a lien on more land than is claimed, but which includes the land upon which lien is sought to be fixed, the lien will attach to that portion of land upon which he has a right to a lien if included within the description of the larger tract. Judge Stayton says: "It has, so far as we know, never been held that the claiming of a lien on more land than the lien can lawfully cover, will vitiate the lien on so much land as it may lawfully attach to, if that be embraced in the description of the land on which the lien is claimed, unless such a claim was intentionally or fraudulently made, and will in some way operate to the injury of the owner or some third person."  ·

But in the same opinion the following statement is used: "If the statement had failed to embrace the lands on which the buildings were actually erected, it would be insufficient." Lyon et al. v. Logan et al., 66 Tex. 57, 17 S. W. 264; R. S. art. 5453 as amended by Acts 1929, c. 478, § 1 (Vernon's Ann. Civ. St. art. 5453), and R. S. art. 5457.

Thus it seems to us that no lien could attach to the property described in the judgment and petition, for the reason that the same is not embraced in, nor a part of, the land described in appellee's affidavit fixing a lien.

Entertaining the view that no personal judgment can be rendered against Silvey and that the mechanic's lien attempted to be fixed against the 2.5-acre leasehold estate did not attach, the judgment of the trial court, in our opinion, should be reversed and here rendered in his favor, and it is so ordered. J. B. Patty not having appealed from the judgment entered against him in the trial court, said judgment as to him is in no wise disturbed.