## WHEELER et ux. v. WHEELER.

### No. 3302.

Court of Civil Appeals of Texas. Beaumont.

April 28, 1938.

V. A. Collins, of Livingston, for appellants.

Manry & Cochran, of Livingston, for appellee.

WALKER, Chief Justice.

This was an action in trespass to try title by appellee, M. S. Wheeler, against his brother, appellant, B. J. Wheeler, to recover about 375 acres of land in Polk county; appellant's wife was also made a party defendant.

The issues made by the pleadings and supported by the evidence may be stated as follows: In 1934, E. J. Wheeler and his mother owned the land in controversy, jointly, share and share alike. The mother died in 1934, and by a written will, duly probated, devised her interest in the land to E. J. Wheeler. The mother left surviving her seven children, who, but for her will, would have inherited under her, each, an undivided one-fourteenth interest in the land. After the will was probated, E. J. Wheeler, on the 17th day of January, 1935, entered into a written contract with his brothers and sisters, abrogating the judgment of probate, and renouncing all claim of title under his mother's will and the judgment probating it; but it was stipulated in this contract that E. J. Wheeler should hold the title in his name as security for certain indebtedness due him by his brothers and sisters, and, in the event they refused to pay him their indebtedness he was given the right to sell the land and to account to his brothers and sisters for the proceeds of the sale after deducting the indebtedness due him by them, respectively. All the heirs except appellant sold their interest in the land to E. J. Wheeler. Appellant did not pay his indebtedness secured by the written contract, which amounted to the sum of $185, nor did he make tender of payment prior to the date E. J. Wheeler sold the land to appellee. But after that sale, and before the suit was filed, he made tender in full payment of his indebtedness. No maturity date was stipulated in the contract, but the court found that appellant agreed to pay the in-debtedness in the fall of 1935; this finding was without support in the pleading. On the 23d day of November, 1936, E. J. Wheeler, without making demand upon appellant for the payment of his indebtedness, and without tendering him a deed, and without notice to appellant of his intention to sell, sold and conveyed all the land, including appellant's interest, to appellee for $4,000. After making this conveyance he tendered to appellant $21, the difference between his indebtedness and the sale price of his one-fourteenth undivided interest. Appellee was a party to the settlement agreement, and purchased the land from E. J. Wheeler with actual knowledge of all of appellant's rights. By his answer appellant tendered payment of the amount of his indebtedness to E. J. Wheeler, and prayed for partition.

On trial to the court without a jury judgment was rendered in favor of appellee for the title and possession of the land, and in favor of appellant for the difference between his indebtedness and the sale price of his undivided one-fourteenth interest. From that judgment appellant has duly prosecuted his appeal to this court.

## Opinion.

■ The following conclusion by the trial court, made a part of his judgment, is fundamentally erroneous: "The court further finds that it was the intention of B. J. Wheeler and E. J. Wheeler at the time the aforesaid contract was executed that said contract would not deprive or take away from E. J. Wheeler the title to the premises hereinafter described, but that said contract would merely give B. J. Wheeler and the other heirs of Mrs. L. M. Wheeler, deceased, the right to acquire an undivided $\frac{1}{14}$ interest in said premises upon their payment to E. J. Wheeler."

The written contract vested in appellant title in fee simple to his one-fourteenth undivided interest in the land, with E. J. Wheeler holding the title in trust to secure the payment of appellant's indebtedness.

■ The settlement agreement gave E. J. Wheeler the right to sell appellant's interest in the land in the event he refused to pay his indebtedness. But he could not enforce this right—he could not sell appellant's land—without making demand upon him for payment of the indebtedness, and without tendering to him performance of the contract. Lucia v. Adams, et ux., 36 Tex.Civ.App. 454, 82 S.W. 335; Walls v.

Cruse, Tex.Com.App., 235 S.W. 199; Phillips, Guardian, v. Herndon, 78 Tex. 378, 14 S.W. 857, 22 Am.St.Rep. 59; Moore v. Giesecke, 76 Tex. 543, 13 S.W. 290; Dillingham v. Kerr, Tex.Civ.App., 139 S.W. 911; Kennedy v. Embry, 72 Tex. 387, 10 S.W. 88; Hill v. James, Tex.Civ.App., 7 S.W.2d 910; Texas Juris, Vol. 10, p. 430, § 247. There was no plea of demand, nor was there any evidence of demand. Though E. J. Wheeler had indulged appellant more than twenty-two months, he sold his land without notice, and without demand, and without tendering performance. Appellee bought with notice of appellant's rights, and that his title under E. J. Wheeler was voidable on appellant's election.

By his answer in this case appellant tendered payment and prayed for partition; under all the evidence he was entitled to the relief prayed for.

It follows that the judgment of the lower court should be reversed, and the cause remanded, with instructions to the lower court to partition the land between appellee and appellant, subject to all the rights and equities of the parties.

Reversed and remanded, with instructions.