**TRAVIS v. SCHONWALD et al.**

No. 10856.

Court of Civil Appeals of Texas. Galveston.

July 27, 1939.

Rehearing Denied Sept. 28, 1939.

Harry Dow and Joel W. Cook, both of Houston, for appellant.

Hirsch, Susman & Westheimer, Harry Susman, and Walter J. Morrison, all of Houston, for appellees.

MONTEITH, Chief Justice.

This is an appeal from a judgment of the district court of Harris County in an action brought by appellees, Dave Schonwald and Morris Schonwald, against appellant, M. M. Travis, on a promissory note for the sum of $5,500, executed by the said M. M. Travis, and to foreclose a claimed lien on a certain royalty interest in property in Gray County, Texas.

Appellees alleged that they were induced by appellant to purchase 40 royalty acres of land under what was known as the L. H. Webb 320 acres of land in Gray County for a consideration of $5,500, which was paid by them; that as part of the consideration appellant by letter agreed that if the first well drilled on said property by the Texas Company, which held a mineral lease on said property, or its assigns, did not produce 100 barrels of oil per day 30 days after actual production, appellees should have the option to return said 40 acres of royalty and that appellant would return to appellees said sum of $5,500 paid by them; that said first well drilled on said property was incapable of producing 100 barrels per day and that on appellees' request appellant by letter agreed to repurchase said royalty for $5,500 and to evidence said repurchase with a note for that amount, with the understanding that appellees were to retain said royalty as collateral until such time as said note was paid, and that any income which appellees received therefrom should be applied to reduce said note; that they applied the sum of $564.60, the proportional part of a payment made by the Texas Company in settlement of a suit filed by appellees and others for the protection of said property, as a credit on said indebtedness, and that they had agreed and were ready and will-

ing, upon receipt of the amount due on said note, to execute and deliver to appellant an assignment of said royalty acres.

Appellant answered by general demurrer, general denial, and numerous special exceptions. He pled lack and failure of consideration for the note and an election on the part of appellees to accept the title to said property, and the two and four years' statutes of limitation, Vernon's Ann. Civ.St. arts. 5526, 5527.

The case was tried before a jury, who, in answer to one special issue submitted, found that appellees had not failed to exercise due diligence to obtain service of citation on defendant. On this verdict judgment was rendered for appellees in the sum of $7,151.71 with a foreclosure of their lien. The court in its decree found that Dave and Morris Schonwald each held an undivided 1/16 interest in said property as collateral security for said note, that the instruments under which they held said property were actually mortgages, and that appellees had a lien on said property securing their debt. The apparent interest of appellees was ordered sold under execution in satisfaction of said judgment.

On November 1, 1930, appellant M. M. Travis wrote a letter to appellees reciting the purchase by plaintiffs of 40 full royalty acres under the south one-half of section 12, block A—9, Gray County, Texas, known as the L. H. Webb land, for a consideration of $5,500, containing the following recitations and agreement:

"It is understood that the consideration for the purchase of this 40 acres, is $5,-500.00; $1,200.00 of which has already been received, and $1,300.00 to be paid upon delivery of deed;

"$1,500.00 to be paid in thirty days, and

"$1,500.00 to be paid in sixty days."

"It being also understood that for this same consideration it is agreed that if the first well drilled by The Texas Company or its assigns on S.½ of Section 12, Block A—9, does not produce 100 barrels a day thirty days after actual production, that you have the option to return said 40 acres of royalty, and we are to return to you $5,500.00."

On November 17, 1930, George G. Travis and wife, Ethyle G. Travis, executed and delivered two deeds, one to Morris Schonwald and one to Dave Schonwald, each conveying an undivided 1/16 mineral

interest in above described property subject to an oil and gas lease in favor of the Texas Company, dated October 5, 1925. Appellees paid the sum of $5,500 therefor in seven installments by checks executed by appellees and payable to the order of appellant.

On June 8, 1931, appellant wrote appellees another letter which contains the following agreement:

"Referring to my letter to you of November 1st, 1930, wherein it was agreed that if the well drilled by the Texas Company on the acreage referred to in your letter, did not produce 100 barrels after thirty days after completion, that you had the right to return said forty acres of royalty to me, and that I was to refund to you the $5,500.00 paid by you to me;

"Now, since it appears that this well is incapable of producing 100 barrels per day, and since you desire for me to take back this royalty and to repay you the $5,500.00 paid to me, therefore I agree to repurchase from you this said royalty for $5,500.00 and to evidence this purchase with a note for that amount, due and payable one year from date, bearing interest at the rate of 6%. It being understood that you are to retain the said royalty as collateral until such time as said note has been paid, at which time you will execute assignment of same to me or to my order; it also being understood that any income which you may receive from said collateral, shall be applied to reduce said note."

Contemporaneously with the execution of said letter of June 8, 1931, appellant executed and delivered to appellees his promissory note for the sum of $5,500, due one year after date and bearing interest at the rate of 6 per cent per annum.

On December 13, 1935, appellees and other parties who owned interests in said property filed suit against the Texas Company in the district court of Gray County, Texas. In this suit appellees alleged that they were the owners of the interests conveyed to them by George G. and Ethyle G. Travis, and that the Texas Company had failed to carry out its contract to develop said property. The suit was afterwards transferred to the federal court at Fort Worth and was settled by a payment to plaintiffs of $3,500 in cash, and an agreement by the Texas Company to either drill another well or to release 250 acres of said property.

The Texas Company did not drill said additional well, and said 250 acres was automatically released from said lease and was afterwards re-leased to other parties. Appellees were authorized by appellant to execute said lease by telegram dated February 12, 1938.

Plaintiffs' original petition in this suit was filed on June 5, 1936, two days before said note would have been barred by the four years' statute of limitation.

The controlling question in this appeal is whether the transactions between appellant and appellees created the relation of vendor and purchaser under an executory contract of sale, or whether said transactions created a trust relation between them under which appellees held legal title to said royalty interest in trust for appellant and as collateral to secure the payment of said promissory note for $5,500.

An analysis of the transactions between the parties shows conclusively that an express agreement was made by appellant, prior to the purchase by appellees of said royalty interests and as a part of the consideration therefor, that appellees should have the option to return said 40 acres of royalty and that appellant would repay to them the $5,500 paid therefor, in the event the first well drilled by the Texas Company on said property failed to produce 100 barrels of oil per day 30 days after actual production. It is undisputed that said well failed to produce said 100 barrels of oil per day and that appellees, relying on said option agreement, demanded the return of said $5,500 and tendered appellant said royalty interest and that appellant agreed to return said $5,500, and in compliance therewith executed and delivered to appellees the note on which this action is based. Appellant made the further agreement that appellees should retain said royalty interests as collateral until such time as said note was paid, at which time they should execute an assignment thereof to him, or his order, and that until such time as said note was paid appellees should apply on said note any income received from said collateral.

█ Under the above facts, we think that a trust relation was created between the parties which empowered appellees to hold said royalty interest in trust for appellant as collateral to secure the payment of said note.

The facts in the case of Wheeler et ux. v. Wheeler, Tex.Civ.App., 116 S.W. 2d 862, 863, are similar in many respects to those in the instant case. In the Wheeler case, E. J. Wheeler, in whom the title to a tract of land was vested by will, entered into an agreement with his brothers and sisters to renounce all title to said tract of land under said will in consideration of their payment of their certain indebtedness to him. He stipulated, however, that he should hold the title to said property in his name as security for said indebtedness. The agreement recited that in the event his said brothers and sisters failed or refused to pay their indebtedness to him, he would have the right to sell said land and to account to them for the proceeds of the sale. The court, in its opinion, held that "The written contract vested in appellant [one of the brothers for whom he held legal title as security for said indebtedness] title in fee simple to his one-fourteenth undivided interest in the land, with E. J. Wheeler holding the title in trust to secure the payment of appellant's indebtedness."

■ Appellant contends that the action of appellees in filing suit against the Texas Company, in which they alleged that they were the owners of said mineral interests, and their action in afterwards settling said suit, in which settlement certain agreements were made which modified some of the liabilities and obligations of the Texas Company under its lease, constituted a waiver of appellees' rights to specific performance of their contract with appellant. We are unable to agree with this contention.

■ It is the established rule in this state that a mortgagee in possession, pursuant to agreement of the parties to the mortgage, has a right to retain possession thereof until the mortgage debt has been paid in full. 29 Tex.Jur., pages 881-2; Majors et al. v. Strickland et al., Tex.Civ. App., 6 S.W.2d 133. And that, while in possession, mortgagees are regarded as constructive trustees and are under duty to manage the mortgaged property in a reasonably prudent and careful manner in order to keep it in a good state of preservation and make it productive. Bomar v. Smith, Tex.Civ.App., 195 S.W. 964; 41 Corpus Juris, 615, 623-626.

■ Further, a mortgagee in possession may be held responsible for his wrongful acts which injured the mortgaged property (41 Corpus Juris, 624), and can be held responsible for rents and profits he has not actually received where he has failed to use reasonable diligence or where he is guilty of fraud, gross negligence or wilful default in the management of said property.

■ Under the facts in the instant case appellant's remedy was appropriate pleading and proof of the diminution in value of said property as a result of the claimed wrongful acts of appellees. Appellant did not plead or prove specific damage to said royalty interest and we do not think that the court erred in rendering judgment against appellant on his note and for foreclosure.

We have fully considered all of the assignments of error and the propositions based thereon presented in appellant's brief. None of them, in our opinion, show any error in the record which requires a reversal of the judgment. They are accordingly overruled, and the judgment of the trial court is in all things affirmed.

Affirmed.