**FIRST NAT. BANK IN GRAHAM et al. v. CORBIN et al.**

No. 14254.

Court of Civil Appeals of Texas. Fort Worth.

June 20, 1941.

Rehearing Denied Sept. 12, 1941.

See, also, Tex.Civ.App., 148 S.W.2d 439.

Penix & Penix and Marshall & King, all of Graham, for appellant First Nat. Bank in Graham.

Carrigan, Hoffman & Carrigan, of Wichita Falls, for appellant Continental Supply Co.

McFarlane & McFarlane, of Graham, for appellees.

McDONALD, Chief Justice.

This suit involved numerous claims of creditors of one N. B. Crenshaw, growing out of certain oil operations of the latter in Young County, Texas. Two suits were consolidated, and the judgment disposed of many parties and many issues. Only two parties appealed, upon the issues hereinafter noted.

We are faced at the outset, in our consideration of the appeal, with a confused situation relating to procedure. It appears from the record that the case came on for trial, before a jury, on September 19th, 1940. On the following day two issues were submitted to the jury. The jury answered one of them, but failed to answer the other, and were thereupon discharged. What took place after that is subject to considerable dispute. Appellants contend that the court withdrew the case from the jury, and himself found upon all issues of fact. Appellees contend that the two issues presented in effect the same inquiry, that all other matters of fact were undisputed, and that judgment was rendered upon the verdict. The recitals in the judgment are not clear. The judgment commences with a recital to the effect that the case came on for trial "on this the 3rd day of October, A. D. 1940." It then recites the appearance of the parties, naming them, then recites the hearing and consideration of the report of a master in chancery, and then recites, "Thereupon came a jury", etc., setting out the submission of said two issues, the answer to one of them, and the failure to answer the other, although it is undisputed that the jury, as above stated, was actually empaneled on September 19th, and discharged upon September 20th. The judgment then recites: "* * * the court discharged said jury, and thereafter upon further hearing and consideration of said cause, the report of said Master in Chancery, exceptions and pleadings of all parties thereto as well as the evidence in this cause, finds as follows:" Following this recital are findings of fact set out in fourteen numbered paragraphs. Among these is an affirmative finding upon the same question which was contained in the issue which the jury did not answer. The judgment does not expressly recite either that the answer of the jury to the other issue was disregarded, or that the case was withdrawn from the jury, or that judgment was rendered on the verdict. Appellees did not except to the judgment thus rendered.

Appellees contend that the case was one tried with a jury, within the meaning of Rule 71a, for the District and County Courts, and Rule 24, for the Courts of Civil Appeals, and that, since no motion for new trial was filed, the assignments of error cannot be considered by us.

Appellants contend that the parties all agreed that the case should be submitted to the court; appellees deny that such an agreement was made.

After much thought and consideration, we have concluded to consider and rule upon appellants' assignments of error and appellees' cross-assignments, despite the fact that no motion for new trial was filed by any party. So far as may properly be done, a presumption of validity should be given to the actions of the trial court. It is apparent to our minds that the trial court made findings on all material fact issues, including the issue upon which the jury could not agree. This he could properly have done if the parties waived a trial by the jury. Since appellees deny that the jury was waived, and since the judgment does not so recite, we are not disposed to hold from the record before us that the jury was waived by the parties. But the trial court also had authority to withdraw the case from the jury and render judgment, under such circumstances as would have warranted an instructed verdict, in the absence of a verdict upon which a judgment could have been rendered. Fitts v. Carpenter, Tex. Civ.App., 124 S.W.2d

420, and cases therein cited. In Handy v. Olney Oil & Refining Co., Inc., Tex.Civ. App., 68 S.W.2d 313, 317, writ of error refused, it is said:

"It is a well-settled general rule that the judge of the trial court retains jurisdiction to alter or change any rulings made by him during the same term of court if in his discretion such change is necessary to do justice to the parties, provided such change is not inhibited by a provision of the statutes or Constitution. And we are cited to no statute or provision of the Constitution or rule of decisions in this state which deprives the trial court of authority to render a judgment such as is complained of in this case under the circumstances related."

■ The last mentioned case was decided by this Court of Civil Appeals, and was tried in the court below by the same District Judge who tried the case now on appeal. We shall presume, from the record, that the trial court was undertaking to act under authority of the rule laid down in the Handy case, that is to say, that he was proceeding to act upon the theory that there was no verdict upon which a judgment could be rendered, that there were no disputed issues to be submitted to the jury, and that he was authorized to render judgment upon what he considered the undisputed evidence. We shall presume that he was following a method of procedure authorized by law, even though we do not agree with him altogether upon his construction of the evidence.

■ We hold, therefore, that the action of the trial court was the same, as relating to the requirements of Rule 71a and Rule 24, above cited, as if he had instructed a verdict, and that no motion for new trial was required. We feel that justice requires that appellants be not deprived of an appeal, under the peculiar facts presented by this record.

Crenshaw was the owner of a producing oil lease in Young County. The leasehold estate was encumbered with a first lien securing a large indebtedness owing by Crenshaw to appellant the First National Bank in Graham, Texas, and with a second lien securing a large indebtedness owing by Crenshaw to appellant the Continental Supply Company. Said Bank also had an express lien, securing its said indebtedness, upon the oil being produced from the well. Payments on its note being delinquent, said Bank, in February of 1939, notified the purchaser of the oil that it held such a lien, and thereafter collected the payments made for the oil purchased from the well, and out of this money paid some, if not all, of the expenses of operating the well.

In March of 1939, said Bank loaned Crenshaw $500 for the purpose of having the well cleaned out. The work of cleaning out the well was done by H. L. Corbin and others, who are the appellees herein. The total of their claims was $1,030.22, which they attempted to secure by filing affidavits for the purpose of fixing mechanic's liens.

The trial court rendered judgment in favor of said Bank, adjudging it to hold a first lien upon the leasehold estate in question, and in favor of the Continental Supply Company, adjudging it to hold a second lien on the property. The trial court also found that said Bank had taken over the operation of said well as a mortgagee in possession, prior to the time the well was cleaned out, and that by reason thereof it was personally liable to said laborers in the amount above named, and rendered a personal judgment in favor of said laborers against said Bank. Judgment also was rendered adjudging said Bank to have a first and superior lien, as against all other parties to the suit, to the extent of such amount as it should be compelled to pay the laborers, under the judgment. Otherwise the judgment decreed the lien of the laborers to be inferior to those of both appellants.

Said Bank has appealed from that portion of the judgment which allowed a personal judgment against it in favor of said laborers; and the Continental Supply Company has appealed from the portion of the judgment just quoted, which adjudged the said Bank to have a superior lien for the amounts it should be compelled to pay the laborers under the judgment. The laborers, the appellees, have filed a cross-assignment complaining of the portion of the judgment which decreed their liens to be inferior to those of both appellants.

■ Since appellees did not except to the judgment, their cross-assignment of error just mentioned will be overruled. Garitty v. Halbert, Tex.Civ.App., 235 S.W. 231; Southern Underwriters v. Williams Lumber Co., Tex.Civ.App., 38 S.W.2d 177; Hill v. Lester, Tex.Civ.App., 69 S.W.2d

474; Hardwicke v. Trinity Universal Ins. Co., Tex.Civ.App., 89 S.W.2d 500.

The evidence shows without dispute that, although the appellant Bank exercised the right under its mortgage to have all payments for oil produced from the well paid direct to it, Crenshaw remained in actual possession and in charge of the operations pertaining to the well. He employed the laborers to clean out the well, and he alone agreed to pay them. Confirming this is the fact that each of the laborers in the affidavits they filed to fix liens, recited that the labor was performed "for said N. B. Crenshaw, Drilling Contractor, under and by virtue of his contract between affiant and said N. B. Crenshaw." In none of these affidavits is any reference made to said Bank. The laborers also signed a written agreement with Crenshaw relating to the time of payment of their claims, which recited that they had "worked and labored for N. B. Crenshaw", and that Crenshaw should have additional time to refinance his indebtedness to them. This agreement makes no reference to said Bank. There is no testimony in the record to the effect that said Bank had any agreement of any kind with the laborers to clean out the well. It is clear from the record that the Bank did not employ them, and it is equally clear that they were not looking to the Bank for their pay. None of them testified upon the trial. Both Crenshaw and the president of the appellant Bank testified without contradiction that Crenshaw was in charge of the operation of the well and that he employed the laborers to clean out the well. The mere fact that the Bank had a lien upon the lease and all the production of the well, and that it loaned Crenshaw $500 to be used in the work, would not render it personally liable to the laborers for their wages. The case of Silvey v. Fordyce, 81 S.W.2d 714, is somewhat analogous.

Appellees rely upon cases holding that a mortgagee in possession is obligated to make necessary repairs, citing Johnson v. Edwin Sanger Music Corp., Tex.Civ.App., 53 S.W.2d 511; Bomar v. Smith, Tex.Civ. App., 195 S.W. 964; Majors v. Strickland, Tex.Civ.App., 6 S.W.2d 133; and Travis v. Schonwald, Tex.Civ.App., 131 S.W.2d 827.

In our opinion, the appellant Bank was not a mortgagee in possession. Both Crenshaw and the president of the appellant Bank testified without dispute that Crenshaw remained in actual possession and charge of the property. In 41 Corpus Juris, page 613, it is said: "* * * the mere fact that the mortgagee receives the rents and profits does not constitute him a mortgagee in possession, unless he takes the rent in such a way as to take out of the hands of the mortgagor the management and control of the estate."

Appellees have cited us to no case, nor have we found any, holding that facts similar to those on appeal will create the relationship of mortgagee in possession.

In the Johnson v. Sanger case, supra, the owner and the lien holder agreed that an agent should take charge of the apartment house in question, operate it, and pay the operating expenses. This agent employed the plaintiff in the case to do certain repair work on the premises. The trial court found that this agent was the agent of both the owner and the lien holder, and the lien holder did not attack this finding on appeal.

Bomar v. Smith, supra, involved a controversy between only the owner and the trustee for the lien holders.

Majors v. Strickland, supra, simply held that the lien holder in possession, as against the owner, was entitled to reimbursement for reasonable and legitimate expenses incurred in keeping the property insured and the expenses incidental to the rental and upkeep of the property.

Travis v. Schonwald, supra, also involved only the duties of the lien holder in possession as between himself and the owner.

Appellees have cited no case, nor have we found any, holding the lien holder responsible upon a state of facts similar to those of the case on appeal.

We therefore hold that, under the undisputed evidence, the appellees were not entitled to a personal judgment against the appellant Bank. The trial court adjudged appellees to have a laborer's lien inferior to that of the appellant the First National Bank in Graham, and inferior to that of appellant the Continental Supply Company. No appeal has been taken from this action of the court, except for the cross-assignment of the appellees, who did not except to the judgment. Therefore, this portion of the judgment will not be disturbed. Our holding in the respects just

mentioned necessarily disposes of the complaint of appellant the Continental Supply Company, leaving its lien actually inferior only to that of appellant the First National Bank in Graham.

The judgment in favor of appellees against appellant the First National Bank in Graham for $1,030.22 is reversed, and judgment is here rendered that appellees take no personal judgment against said Bank. This renders nugatory that portion of the judgment which adjudges to said Bank a lien to the extent of the amount it is compelled to pay to appellees on the judgment rendered in their favor by the trial court. In all other respects the judgment of the trial court is left undisturbed, insofar as no appeal was taken, and is affirmed, insofar as an appeal was taken.

Judgment of the trial court is reversed and rendered in part, affirmed in part, and left undisturbed in part.