**KENDRICK et ux. v. BOON et al.**

No. 12507.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 28, 1953.

Rehearing Denied Feb. 25, 1953.

 

Kent, Brown & George, Harlingen, for appellants.

Gene F. McCullough, C. T. Mortensen and Johnson, Phillips, Hester, Jenkins & Lewis, Harlingen, for appellees.

NORVELL, Justice.

This lawsuit arose from a contract for the sale of a residence, dated January 24, 1950, between Mr. and Mrs. J. O. Kendrick as sellers and Dr. and Mrs. Paul R. Maxwell as buyers. S. P. Boon, a real estate dealer, was also a party to the agreement. Boon brought this suit against the Kendricks to recover $1,000 as a real estate commission, who in turn sought to recover of and from the Maxwells the sum of $2,650 as liquidated damages, under the provisions of the contract. Trial was to the court without a jury and judgment rendered for Boon upon his commission claim, and against the Kendricks upon their claim for liquidated damages. Mr. & Mrs. Kendrick have appealed and the case is before us without findings of fact or conclusions of law.

The purchase price of the property stipulated in the contract was $27,500, of which amount the buyers, Dr. and Mrs. Maxwell, were to pay to the trustee designated therein the sum of $2,650 upon the execution of the agreement, and $12,350 additional upon the closing of the deal. The balance of the consideration was to be represented by the assumption of existing indebtedness against the property and the execution of second lien notes.

The contract provided that:

"Should the purchaser fail to consummate this contract as specified for any reason, except title defects, Seller shall have the right to retain said cash deposits as liquidated damages for the breach of this contract, and shall pay to Agent therefrom the sum of $1,000.-00 or Seller may enforce specific performance of this contract.

"* * * The Sellers agree to pay S. P. Boon, Agent, $1000.00 as commission for handling this transaction, out of the Trust Fund at the closing."

The evidence is amply sufficient to support a finding that this agreement was rescinded by mutual agreement of the sellers and buyers. There is testimony that the contention was made that the physical condition of the premises was not as represented and a cancellation was agreed upon, although there is dispute as to who should pay the real estate dealer's commission.

The evidence is also sufficient to support findings that Boon, the real estate agent, did not consent to the cancellation of the agreement under which he was entitled to a commission of $1,000, and that he did not make any representations of fact concerning the property which were unauthorized by his principals, the Kendricks, or which would amount to fraudulent conduct.

In determining this appeal, we must presume that the trial judge made such findings and they are determinative of the case. Appellants having agreed to rescind the contract cannot recover liquidated damages under it. While the contemplated sale was never consummated, the fact that it was not is attributable to the appellants, either upon the theory that representations were made by them as to the physical condition of the premises which rendered the agreement unenforcible, or that they had wilfully relinquished their claim to the $2,650 deposit (represented by a check) out of which Boon was to be paid his commission.

In West Realty v. Investment Co. v. Hite, Tex.Com.App., 283 S.W. 481, it was said:

"Generally, it will be conceded that, when a broker employed to sell property has found a purchaser who is ready, able, and willing to buy at the price and upon the terms specified in the broker's contract of employment, he has earned his commission, even though through some fault or inability of the owner the deal is never actually consummated. The rule extends even to those cases where the commission is to be payable only upon the consummation of the sale, if such consummation is prevented through the fault of the owner. The law will not permit the owner to deny to the broker his right to recover a commission where the broker himself has fully complied as far as possible, and where his only dereliction is produced entirely through the fault of the owner himself."

See also, Lattimore v. George J. Mellina & Co., Tex.Civ.App., 195 S.W.2d 250.

The judgment appealed from is affirmed.