**Ben McGREGOR et al., Appellants,**

**v.**

**Mayme ALEXANDER, Appellee.**

**No. 6370.**

Court of Civil Appeals of Texas.

Amarillo.

Jan. 25, 1954.

Rehearing Denied March 1, 1954.

Roy Bass, Lubbock, for appellants.

Cade & Bowlin, Lubbock, for appellee.

PITTS, Chief Justice.

Appellee, Mayme Alexander, a feme sole, filed suit against appellants Ben McGregor, Jr., and T. J. Davis, Jr., for alleged damages in the sum of $7,000 by reason of the breach of a contract. The case was tried to the court without a jury and judgment was accordingly rendered for appellee on July 2, 1953, from which judgment appellants perfected their appeal.

Appellee is a licensed real estate dealer and appellants are partners operating under the name of Davis Construction Company as commercial and industrial building contractors. On February 12, 1952, appellee acting as agent for appellants procured 16 separate written contracts of sale of certain described tracts of land situated in Dixon Subdivision of Lubbock in Lubbock County, Texas, for appellants as purchasers, each of the said contracts being identical in terms and otherwise except for the names of the respective sellers, the descriptions of the separate tracts of land and the consideration or the prices to be paid therefor. Consequently by stipulation of the parties only one such contract was introduced in evidence for all purposes in consideration of the issues herein presented, however, the other contracts were exhibited in court showing the descriptions of the respective tracts of land. Each such contract was signed by the seller, by appellants as purchasers and by appellee as agent for purchasers. The essential terms of each contract pertinent to the issues in this suit are as follows:

"Seller agrees to deed clear title to the lot to Purchaser at any time Purchaser begins construction of a house on the lot, but Purchaser, at the same time, deeds the said lot back to Seller who agrees that said Deed may be held in escrow by Mayme Alexander, until the house is finished and the lot paid for, at which time said unrecorded deed shall be destroyed. This is solely for the protection of the Seller.

"Purchaser covenants to build a house on said lot containing between 850 square feet and 1250 square feet, to be sold for prices ranging from $8,750.00 to $12,500.00, such house to be finished within a year from the date of this contract.

"Purchaser agrees to pay said Agent 5% commission, in cash of the total consideration for the sale of house and lot, such commission to be paid upon the sale of the house and lot."

The record reveals that in preparation for building houses on the lots four of the sellers executed deeds to purchasers and such deeds were placed in the possession of appellee to be held in escrow as provided for in the first paragraph of the contract heretofore copied. No house was built by appellants on any of the said tracts of land and appellee held the said deeds in escrow until she was directed by appellants, through their attorney of record in this case, to return such deeds, contracts or other instruments she may be holding concerning the transactions between the parties to the said sellers upon collecting from them, respectively, any money they may have owed appellants as purchasers on the project in question and that such action by appellee would not constitute any waiver on her part or affect any claim she might have against appellants for her services rendered under the terms of the contract.

■ At the request of appellants the trial court made and filed its findings of fact and conclusions of law and thereafter filed additional findings and conclusions at the request of appellants. The findings are not challenged, excepted to or attacked by appellants in any manner. The material findings briefly stated are in substance as follows: that appellee procured the 16 separate written sales contracts for appellants as purchasers for considerations respectively therein expressed; that appellants bound themselves unconditionally to build a house on each of the 16 lots within one year after the date of the contract or by February 12, 1953, according to the contractual provisions; that appellants unconditionally agreed to pay appellee 5% in cash of the total consideration for the sale of each house and lot, the minimum price of each to be $8,750 and such payments to be unconditionally made upon the sale of each house and lot; that appellee had performed under the terms of the contract by soliciting and procuring written contracts from the respective sellers for the benefit of appellants as purchasers, remained ready to further perform if need be and had also held in escrow such papers as she was required to so hold under the terms of the contract, which performance on her part constituted the consideration in the valid binding contracts which made appellants liable; that appellants failed and refused to build any of the houses on the lands in question and thus failed and refused to perform the terms unconditionally required of them under the provisions of the contracts but wholly defaulted therein and completely breached each of the contracts, to the damage of appellee, the measure of such damages being 5% of the minimum value of $8,750 placed on each of the 16 tracts of land with a house to be built thereon, or 5% of $140,000, making appellee's total damages the sum of $7,000. Because of such facts and because appellee had performed under the terms of a valid and binding contract, remained ready, able and willing to further perform under the terms thereof if need be and had done nothing herself to prevent the performance of the contract according to all of its terms, the trial court concluded that appellee was entitled to recover her alleged damages from appellants jointly and severally.

Appellants present two points of error predicated, in effect, upon claims that appellee sued for a broker's commission upon sales that were never consummated, for which reason they claim they are not liable to appellee for any sum. Appellee concedes that the contracts were never fully consummated but only for the reason each of such contracts was breached by appellants. The entire record reveals that appellee's suit is one for damages by reason of breach of the contracts, in which her alleged measure of damages is fixed by the minimum amount of commissions she would have been entitled to if appellants had not breached the contract.

■ A similar factual situation arose in the case of Park v. Swartz, 110 Tex. 564, 222 S.W. 156, in which a similar suit for breach of a sales contract was filed and it was there held that because of the breach of the contract by defendants, plaintiff, who had faithfully performed, was entitled to recover damages, the amount of which was fixed by the sum plaintiff would have received under the terms of the contract

if the same had not been breached by defendants. There the court further held, as a result of the evidence and the findings of the trial court, that the contract was breached by defendants while it was in full force, as was done in the case at bar, thus making it impossible for plaintiff to perform further; that the plaintiff had faithfully performed the contract up to that time, just as appellee had done in the case at bar; that the loss suffered by plaintiff by reason of the breach by defendants was the measure of damages fixed by the terms of contract which would have been fully earned and received by plaintiff except for the wrongful conduct of defendants in breaching the contract and thus preventing plaintiff from earning and collecting the said amount. Upon establishing such facts it was held that plaintiff was there entitled to recover. It is our opinion that the very similar factual situation here presented also entitles appellee to recover under the same rules of law enunciated in that case.

In the case of Kittrell v. Barbee, Tex.Civ. App., 198 S.W.2d 155 (writ dismissed), a breach of a sales contract had been alleged and it was there contended that the contract had not been consummated. However, this court there held that plaintiff was entitled to recover where it was shown that a failure to consummate the sales contract resulted from defendant's refusal to perform. Many cases are there cited in support of the court's holding. This court there further held that the written contract was a sufficient memorandum to comply with the requirements of the Statute and that the rule there announced likewise applied in a suit for damages.

In the case of Jackson v. Thompson, Tex. Civ.App., 74 S.W.2d 1055, this court held that a broker was entitled to collect a commission for exchange of property from one of the parties to the contract who defaulted and refused to perform, thus preventing consummation of the contract.

For the reasons stated it is our opinion that the trial court was justified in finding and concluding that appellee was entitled to recover her damages. The trial court's ac-

tions are supported further by the following authorities: French v. Love, Tex.Civ.App., 281 S.W. 301; Winningham v. Dyo, Tex. Com.App., 48 S.W.2d 600; Pickett v. Bishop, 148 Tex. 207, 223 S.W.2d 222. Appellants' points to the contrary are overruled and the judgment of the trial court is affirmed.