Charles MERZBACHER, Jr., et ux.,
Appellants,

v.

Paul T. KIRK, d/b/a Paul T. Kirk Real
Estate, Appellee.

No. 6408.

Court of Civil Appeals of Texas.

Amarillo.

May 31, 1954.

Rehearing Denied June 28, 1954.

Allen Melton and Wayne Hancock, Dallas, for appellants.

Richard F. Loomis, Jr., Dallas, for appellee.

MARTIN, Justice.

Appellee, Paul T. Kirk, plaintiff in the trial court, sued appellants, Charles Merz-bacher, Jr., and wife, Marguerite P. Merz-bacher, defendants, for collection of a real estate commission. On motion for summary judgment, appellee was granted a judgment in the sum of $562.50. Appellants perfected an appeal from this judgment and by four points of error assert that summary judgment was incorrectly granted the appellee. Appellants' first point states that there were genuine issues of fact formulated by their controverting affidavit. Their second point, on which they rely principally, asserts that the written contract of sale as to their property was mutually rescinded by the parties to the contract and that they were thereby released from any liability to appellee as agent in making the sale. The third point states generally that the contract upon which appellee relies fails to provide for a cause of action and the fourth point is that there was no showing or allegation by the plaintiff that the purchasers were ready and able to purchase. These points of error will be disposed of by the rulings hereinafter made.

In support of appellee's motion for summary judgment the following matters are found in the record. In his original petition appellee pleaded that he was a duly authorized and licensed real estate dealer. He also made an affidavit that the allegations contained in this original petition were true and correct as stated. He introduced a written listing signed by the appellants, Charles Merzbacher, Jr., and Marguerite P. Merzbacher. He then introduced a written contract of sale in due form covering the west ½ of Lot 17 and all of Lot 18 in Block No. 18/1902 Belmont Addition to the City of Dallas, Texas. This contract likewise binds the seller to the payment of the usual 5 per cent commission and authorizes the same to be taken from the escrow deposit in the event of default of the purchaser. This contract was executed on the 15th day of September, 1952, by Charles Merzbacher, Jr., and Marguerite P. Merzbacher as sellers and by W. R. McKinney, Minnie McKinney, W. M. Crockett, and Thelma Crockett as purchasers. Appellee further introduced in evi-

dence a letter to the National Title and Abstract Company dated September 19, 1952, and written by Charles Merzbacher, Jr., and Marguerite P. Merzbacher authorizing the company to refund to purchasers $500 deposited with the company as earnest money pursuant to the contract of purchase of appellants' property. Appellee further introduced in evidence a letter dated September 18, 1952, signed by Marguerite P. Merzbacher and written to Mr. and Mrs. W. R. McKinney advising that Marguerite P. Merzbacher and husband were cancelling the contract of sale. The written contract hereinabove described provided that such sale contract was subject to the agent, Paul Kirk, securing for the purchaser through a loan company a ten year loan in amount of $5250, bearing interest at the rate of 5 per cent. In the light of this provision, appellee further introduced in evidence a loan commitment from the Dallas Federal Savings and Loan Association for the loan as required by the contract and of the date of September 24, 1952. In addition to the instruments detailed above, the appellee alleged by affidavit that he had procured the sale as revealed by the contract and other instruments hereinabove recited and also recited other details of the transaction as reflected by the various written instruments.

In answer to the above instruments and appellee's affidavit and request for summary judgment, the appellants filed an affidavit that they had duly rescinded the contract and further alleged generally that there were issues of fact to be determined as to whether Charles Merzbacher, Jr., was a person of sufficient mental capacity to execute the contract in question and stated generally that fraud had been practiced upon them by the agent and that appellee had procured the sale acting through a sub-agent.

Under the record presented on appeal, appellants' four points of error must be overruled and the judgment of the trial court affirmed. The principal contention urged by appellants is that they rescinded the written contract of sale and that such rescission released them from any liability for the commission due appellee for procuring the sale. This is a pure question of law and the decisions of the courts do not sustain appellants in this contention. West Realty & Investment Co. v. Hite, Tex.Com. App., 283 S.W. 481; Kendrick v. Boon, Tex.Civ.App., 254 S.W.2d 1016; Kittrell v. Barbee, Tex.Civ.App., 198 S.W.2d 155; Lattimore v. George J. Mellina & Co., Tex. Civ.App., 195 S.W.2d 250.

A proceeding under Rule 166-A, Vernon's Texas Rules of Civil Procedure, as to summary judgment should be examined carefully as a litigant should not be deprived of the valuable right to have any fact issue tried before the court or a jury on the merits of such issue. But, Rule 166-A states in subdivision (c), "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

On the issue as to the pleadings in the cause, it is noted that plaintiff's original petition is sufficient as a basis for recovery of the commission alleged to be due while defendants' original answer is merely a general denial. An issue as to mental capacity of a contracting party as well as an issue as to fraud could constitute a fact issue in a cause of action but there is no pleading whatsoever in this record raising these two issues nor does appellants' affidavit allege any facts as to the alleged fraud. This should be enough to close this issue but it should be further observed that none of appellants' points on appeal assert any error as to either fraud or mental incompetency as a basis for setting aside the summary judgment. Further, if appellant, Charles Merzbacher, Jr., was mentally competent on September 18, 1952, to enter into an agreement rescinding the contract of sale, as revealed by the written instruments on file and by appellants' affidavit, it is apparently a sound conclusion that he was likewise competent to execute such contract of sale on September 15,

1952, in the absence of any facts detailing the conditions surrounding the making of the contract and its rescission. Under this discussion it is still recognized that the issue of mental incapacity was not presented in the trial court by any pleading nor in this court by any point of error.

The cause has been examined in detail as to the existence of any fact issue in the same. As to the facts generally, it may be further noted that although the written listing does not contain any description of the property as placed for sale with the appellee that the property is fully described in the written contract of sale as executed by appellants which further provides for payment to the appellee as agent of a commission of 5 per cent on the agreed purchase price.

Under Rule 166-A, Vernon's Texas Rules of Civil Procedure, the record in this cause as presented in the trial court and on appeal fully authorizes the summary judgment as granted by the trial court and appellants' points of error are overruled and such judgment is affirmed.