Charles M. McNEIL et ux., Appellants,

v.

C. C. McLAIN, Appellee.

No. 15565.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 5, 1954.

J. P. Moseley, Dallas, for appellants.

C. C. Renfro and W. S. Barron, Jr., Dallas, for appellee.

MASSEY, Chief Justice.

From a judgment awarding a $425 real estate agent's commission to a plaintiff, the defendant property owners appealed.

Judgment affirmed.

At all material times C. C. McLain was a licensed real estate agent, Charles M. McNeil and his wife were owners of certain real property and Wesley O. Wurz was an individual who contracted to buy the McNeil property. The contract was never consummated. It was through the efforts of McLain and his agents that the contract was entered into on February 21, 1953. The agreed price for the property

contemplated by the contract was $8,500, payable as follows: "$1,800.00 Cash (of which Purchaser has deposited with the undersigned Agent $500.00 as part payment, * * *): This contract is subject to first mortgage lien in the approximate amount of $6,700.00 * * * payable $52.00 or more per month plus interest at 5½% Per Annum, interest payable monthly. Seller agrees to carry above mortgage."

A material part of the contract in question, which was on a printed form, and executed by all the above-named parties, read as follows: "Seller agrees to pay the undersigned duly authorized agent a commission of $425.00 in cash for negotiating this sale." A further additional material part of the contract read as follows: "Charles M. McNeil & wife Dorothy E. hereinafter called Seller, acting through the undersigned and duly authorized Agent, hereby sells and agrees to convey unto Mr. W. O. Wurz & wife Jean, hereinafter called Purchaser, the following described property: * * *."

Trial was held before the court without a jury, and judgment was rendered. There were no findings of fact and conclusions of law and no request therefor. Upon the appeal, the McNeils complain that there was no "complete" or completed contract between the seller and purchaser; that the contract itself was not such a contract as could have been specifically enforced by the seller against the purchaser; and because the uncontradicted evidence disclosed that other persons, who were not made parties to the suit, had an interest in the subject matter thereof.

▮ We have for consideration a contract which was signed by all parties, and it was a contract which the McNeils employed McLain to negotiate. McLain was trying to negotiate a sale of the McNeil property in order that he might make a commission for so doing. When he got Wurz to sign the contract, subject to the acceptance of the McNeils, and then got the signature of the McNeils accepting the contract as executed by Wurz, he has (if he has acted in good faith) become entitled to his commission. By the execution of the contract, the McNeils accepted Wurz as a satisfactory purchaser "ready, willing and able to buy", and they also accepted the contract as signed by Wurz as a contract containing terms and provisions satisfactory to them. If any seller who has done the same thing should later decide that the purchaser with whom he has contracted is not satisfactory, or should find that the contract does not contain terms which would entitle him to enforce its specific performance, he is nevertheless obligated to pay what he has agreed to the agent who procured the purchaser's execution thereof whether the contract is ever consummated or not. Stevens v. Karr, 1930, 119 Tex. 479, 33 S.W.2d 725, affirming Tex.Civ.App., 297 S.W. 287. See also 7 Tex.Jur., "Brokers", p. 459, sec. 65, and cases cited under the Notes to said section in Tex.Jur., Ten Year Supplement. See also Frances v. Foster, Tex.Com.App. 1924, 113 Tex. 521, 260 S.W. 1023.

Therefore, there is no necessity for us to consider whether or not the contract was capable of specific performance by the McNeils, or whether it was a completed contract, as for all necessary purposes it was complete and absolute as to the McNeils.

▮ The testimony reveals that McLain had a salesman by the name of R. L. Shinn who worked out of his office. Shinn acted as McLain's agent in the execution of the contract in question. Shinn was employed on a commission basis by McLain and his compensation was measured by the commissions McLain received for the negotiation of real estate sales contracts with his customers. Since Shinn had participated in the negotiation of the contract in question, he was (under his contract with McLain) interested in the commission sought by suit and was entitled to a percentage thereof in the event of its collection. Without discussing the point, we note that the McNeils filed no plea in abatement upon the discovery of the fact that McLain had this kind of contract with

Mr. Shinn, and have waived the right of complaint because thereof. However, and in any event, it was not disputed that the contract as between the McNeils and McLain included these parties only, and that as between them, the legal title to the chose in action sued upon was in McLain. In a suit upon contract, the only necessary parties to the suit are the parties to the contract, although others have an interest in its performance and may have an equitable title to the cause sued upon. Therefore, the McNeils cannot resist their obligation of payment on the ground that the holder of the legal title to the cause of action sued upon does not also possess all of the equitable title. 32 Tex.Jur., "Parties", p. 23, sec. 15; Ormsby v. Ratcliff, Tex.Civ.App.Waco 1929, 22 S.W.2d 504, affirmed in Tex.Com.App., 36 S.W.2d 1005.

Judgment affirmed.