**DAVIS MOTORS, DODGE AND PLYM-OUTH COMPANY, Appellant,**

**v.**

**H. M. AVETT, Appellee.**

No. 15749.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 19, 1956.

Elmo Irby, Fort Worth, for appellant.

Crowley, Wright, Miller & Garrett, and Kleber Miller, Jr., Fort Worth, for appellee.

MASSEY, Chief Justice.

From a judgment for damages, in favor of a purchaser of a new automobile and against the dealer who sold it, the dealer appealed.

Judgment affirmed.

H. M. Avett, hereinafter termed Avett, was the purchaser of the new automobile. Davis Motors, Dodge and Plymouth Company, hereinafter termed dealer, was the seller.

According to usage and custom of the dealer, as understood by its customers, the dealer should have serviced the automobile (including lubrication) prior to the delivery of it to Avett, but through negligence failed to do so. Through the operation of the automobile immediately subsequent to delivery, the unlubricated parts sustained damage. Because of this, Avett sued the dealer. The dealer defended on the theory of express warranty, terms of which provided that it was "in lieu of all other warranties expressed or implied."

Avett's pleadings did not include the allegation that it was the usage and custom of the dealer to deliver new automobiles sold in lubricated condition and ready for operation, nor that such was understood and relied upon in making the purchase. The pleadings did allege negligence on the part of the dealer in failing to lubricate the automobile prior to delivery to him, and in delivering same to him in such condition, and that his damages therefrom resulting (through the decrease in market value of his automobile) was the proximate result of such negligence. As to the allegations so made, Avett secured jury findings in his favor, but there was no submission of warranty questions, and the case was obviously tried on the theory that his cause of action was one of tort.

The damage issue submitted to the jury was Special Issue No. 12, to which no explanatory instruction was appended and as to which no definition given in the charge was referable. It read: "What sum of money, if any, if paid in cash now, do you find from a preponderance of the evidence would fairly and reasonably compensate the plaintiff for his damages, if any, proximately caused by the negligence, if any, of the defendant?" The jury found the sum of $400, and judgment was entered in behalf of Avett in said amount. On motion for new trial, however, the trial court required Avett to tender a remittitur of $200 of the $400 awarded by the judgment as a condition for overruling the dealer's motion for new trial. Avett made the remittitur, incorporating therein the statement: "* * * this remittitur is made under the direction of the Court and is not made voluntarily by the plaintiff without any suggestion of remittitur by the Court, and plaintiff is not waiving, or giving up, his right to contend in the Appellate Court that said remittitur should not have been required either in whole or in part, as provided in Rule 328 of the Rules of Civil Procedure of the State of Texas."

The dealer's motion for new trial was overruled, subject to the remittitur, and appeal was perfected. Avett filed no bond on appeal, but cross-assigned error because of the court's requirement of remittitur, from which he prays relief and that this court give him judgment for damages in the amount of $400 as originally recited by the judgment.

Questions posed by the appeal are rather interesting and this opinion could become quite extended. We will attempt to restrain ourselves.

■ Since there would be no liability imposed by law upon the dealer independent of its liability arising out of the con-

tract itself, the nature of Avett's cause of action is in contract and not in tort. 1 C. J.S., Actions, § 49—Particular Actions, sub. c, Negligent Breach of Contract, p. 1112; International Printing Pressmen and Assistants' Union of North America v. Smith, 1946, 145 Tex. 399, 198 S.W.2d 729. Though Avett's pleadings are not broad enough to encompass such form of action in that he does not therein rely upon the dealer's usage and custom, etc., they are broad enough to encompass such form of action in that he does allege an actual representation in connection with his purchase that the automobile was in proper operating condition and ready to be driven at time of its delivery. While an issue was made by the evidence on the actual representation alleged, no special issue thereon was submitted. That there was such a usage and custom on the part of the dealer, understood by all purchasers of its new cars, was testified to by the dealer's manager and no issue was made thereon by other evidence. Avett's purchase was in the ordinary course of the dealer's business and he is entitled to all the benefits accruing to him from such proof of the dealer's usage and custom. Williston on Contracts, Rev. Ed., "Usage and Custom", p. 1901, sec. 661, "What is necessary to make a party to a contract chargeable with usage." Had an issue been made, it would have been considered as tried by express or implied consent of the parties pursuant to the provisions of T.R.C.P. 67. Under the circumstances of this case, there was no controversy upon the matter of usage and custom and it would be considered as in the case, and also proved, in like manner as it would have been in the case, though only as an issue for determination, had the evidence only been sufficient to raise it as an issue.

■ Avett's cause of action, *ex contractu*, was therefore before the court in the trial of the case as of the time evidence was concluded. It remained for Avett to establish the dealer's breach by a jury finding in view of the issue made thereon by the evidence. The fact of implied warranty of the automobile's condition as fit for immediate operation in so far as its having been lubricated, aside from any question of implied warranty of merchantability, was established by evidence from the dealer's own manager. We, of course, recognize the fact that Avett could not have discovered that the automobile had not been lubricated without opening coverings or removing fittings for interior inspection of the mechanisms of the vehicle requiring such. Considered as a defect, such would not be open and obvious, but contrarily concealed or latent, and the dealer knew or should have known that Avett was not relying on his own judgment, but on the dealer with reference to knowledge of the fact. Therefore, there would be no reason why Avett's right of inspection should limit the implication of warranty in regard to such defects. Williston on Contracts, Rev.Ed., "The Sale of Personal Property", p. 2719, sec. 988, "Inspection as limiting implied warranty"; Blashfield's Cyclopedia of Automobile Law and Practice, Perm. Ed., sec. 4501, "Implied Warranties".

■ The dealer's breach of implied warranty was established through the jury's findings, that the automobile had not been lubricated prior to its delivery, and that such condition persisted when delivery was made. Such was found to constitute negligence and a proximate cause of Avett's automobile damage. The dealer contends that the controlling issues in the circumstances were not submitted. If the dealer is correct in its contention, we are nevertheless satisfied that the issues which were answered, raised and embraced the controlling issues, as those answered were necessarily referable thereto. In view thereof, and since there was no objection to the charge because the issues the dealer considered to be ultimate were not submitted and no request made for their submission, they would be considered on the appeal as having been found by the trial court in such manner as would support the judgment, since there was evidence in which

they would have found support. T.R.C.P. 279.

The dealer's defense of express warranty is next considered. If such defense had been established, the dealer would have been entitled to a "take nothing" judgment, for the express warranty was exclusive as well as inconsistent with the implied warranty upon which Avett must rely. Examination of the statement of facts discloses that it was between 10:00 o'clock and 11:00 o'clock on a Saturday morning that the dealer's salesman and Avett agreed upon the transaction. The automobile was on the showroom floor at the time. According to Avett's testimony, he "bought" the car at 10:00 o'clock and according to the salesman's testimony, he "sold" it at 11:00 o'clock. Avett was ready to drive the automobile away immediately, but was delayed in doing so because it had not been greased. The record discloses only this reason as one because of which delivery was not made immediately. Avett delivered his personal check for the automobile, it not being shown whether the check was handed over at time the transaction was agreed upon or at time the car was delivered. It is plain from the testimony of both Avett and the salesman that they considered the automobile to be Avett's property immediately after the time they testified it was "bought" or "sold". It was afterward that the car was sent to the service department to be lubricated. Nothing was said about whether Avett would be expected to pay for the servicing of the automobile, and indeed the testimony of the dealer's manager that "servicing" of a new car, including greasing, was his company's usage and custom, understood by all its customers.

It appears that the written instrument of warranty was delivered by the dealer to Avett at the time he received the title paper, since Avett answered in the affirmative to a question put on cross-examination, as follows: "Mr. Avett, when you purchased this new car and received the title paper, did you receive a written warranty?" It is uncertain, though inferred, that written evidence of title was delivered over to Avett by the defendant at one and the same time that the written instrument of warranty was handed to him. It is undisputed that Avett did not read the warranty until a later time. There was no evidence that the term warranty was ever mentioned during the course of the transaction, the inference being that it had not been, though Avett testified that he expected to get a warranty. He further testified that he had a general idea of what new car warranties provided. There was no evidence to the effect that the warranty in this instance conformed to any kind of standard. There was no evidence purporting to establish the fact that Avett ever agreed to the terms of the particular written warranty he received, or that such terms were brought to his attention prior to delivery of the automobile purchased. There is no evidence which establishes the date or hour the papers were delivered to him. The evidence does show that the car was delivered in the afternoon following the agreement of sale.

It is sometimes said that a warranty given before the property in the goods has passed is binding, and sometimes said that a warranty is binding if given before the delivery of the goods. Such statements are in a sense erroneous, for the question is whether the warranty was given before the seller was bound to accept title and delivery. If it was not given beforehand, it would not be binding. Williston on Contracts, Rev.Ed., "Promises Without Assent or Consideration", p. 508, sec. 142, "Past or executed consideration", and authorities and cases to be found in the notes.

Aside from any question of mutuality, it is obvious from the evidence in this case that no more than a fact issue was raised thereby upon the question of consideration. It seems rather likely that prior to the time the written instrument of warranty came into the picture the transac-

tion between the parties had reached such a stage that either of them could have maintained a suit for specific performance or breach of agreement to buy or to sell. Though the parties in the case stipulated that the instrument in question was delivered to Avett and accepted by him, there is doubt that it was supported by legal consideration. The burden of proof in respect to the written warranty is upon the dealer in this case, for he seeks through its establishment to defeat Avett's recovery under implied warranty. The dealer's pleadings do not allege that the written warranty was entered into as a contract which was supported by a valid consideration, and the language of the warranty itself contains no recitation in such regard. In view thereof, Avett's implied general denial was certainly sufficient at the beginning of the trial. 10 Tex.Jur., "Contracts", p. 504 et seq., sec. 293, "Answer", and sec. 294, "Denials". The question posed upon the matter of the warranty's verity not having been established during the course of the trial as a matter of law, the burden was cast upon the dealer to obtain jury answers to special issues which would establish the fact that Avett was bound thereby. No issue was submitted to the jury and the want of such an issue is not made the subject of a point of error on the appeal. Special issues somewhat related to the question were presented to the jury, which returned answers unfavorable to the dealer in that they refused to find either that it had offered to replace any and all defective parts without charge or to replace all parts pointed out as damaged. It appears that the dealer is either in the position of having waived the affirmative defense, or, if the special issues which were submitted are properly considered among those necessary to sustain its ground of defense, and necessarily referable to the warranty's verity, the issues which were not submitted must be treated as having been found by the trial judge against the dealer and in such way as to support the judgment in the case, there being evidence

to support such finding. T.R.C.P. 279. Likewise, if it be properly considered as involved in the case, the issue of whether Avett's consent was fairly procured to the provisions of the written warranty excluding any implied warranty otherwise applicable would be treated as found against the dealer. If its inclusion in the warranty was unfairly procured, it would not be given effect. Blashfield's Cyclopedia of Automobile Law and Practice, Perm. Ed., sec. 4504, "Particular Types of Implied Warranties—Fitness for Particular Purpose".

 The dealer complains upon the matter of the special issue on damages. Since there are no objections and exceptions to the court's charge to be found in the transcript, we are of the opinion that the special issue may be considered as one to which no objection was made. If so, the dealer did not raise and preserve error. We find what purports to be the dealer's objections and exceptions appended to the statement of facts, but apparently it was never authenticated by the trial judge or filed with the clerk of the court for inclusion in the transcript. We do not consider that it has been made part of the record on appeal. See Texas General Indemnity Co. v. McNeill, Tex.Civ.App., Beaumont, 1953, 261 S.W.2d 378. In the dealer's brief we find the statement that the issue was objected to, and reference is made to the page number where it is appended to the statement of facts. We would be unable to accept the dealer's statement in his brief without resort to the reference page, for no form or substance of the objection is set forth. Even when we examine the page to which the brief refers, it is evident that the dealer did not object because thereby the jury was improperly vested with the discretion of determining the amount of damages to property rather than required to find matters of fact from which the proper amount of damages might be found by the court. The objection was that the issue submitted a question of damages based up-

on tort, and that the plaintiff should be restricted in his damage to the difference in value of his automobile before and after the acts complained of, or the difference in value of the automobile as warranted and as delivered. The dealer's objection to the issue does not point out any proper ground because of which the issue was subject to exception. . . .

■ The dealer also complains that the amount of damages ultimately awarded to Avett (consideration given to the remittitur required of him) was not supported by any evidence, or that there was insufficient evidence, or that it was contrary to the great weight and preponderance of the evidence. Without detailing the evidence, which we have examined and tested, we find the dealer wrong in each respect. Its points thereupon are overruled.

■ The dealer predicated a point of error upon the denial of a specially requested issue reading as follows: "What amount, if any do you find from the preponderance of the evidence that the action of the plaintiff in causing the said automobile to be repainted so that its colors were yellow and green and driving the same caused the value of the said automobile to be decreased?" There is no evidence that the value had been decreased, and even if there had been the specially requested issue would not be an ultimate issue for determination by the jury.

■ Upon the matter of Avett's cross-assignment on the appeal, we are of the opinion that it is properly before us for consideration even though he did not file any bond. T.R.C.P. 328; see also Bowman v. Puckett, Tex.Civ.App. San Antonio, 1944, 185 S.W.2d 228, 231, reversed, but with the holding in this respect approved by the Supreme Court at 144 Tex. 125, 188 S.W.2d 571; 3–B Tex.Jur., "Appeal and Error", p. 155, "Cross Points or Assignments", sec. 771, "Generally". Though it is obvious that by his remittitur of $200 under protest Avett chose to take a re-

covery of $200 rather than $400 as found by the jury, in order to avoid the necessity of another trial, he had not received any benefit as result thereof prior to the appeal taken by the dealer, nor up to the time the case was submitted to us. Confronted with a situation where the case would be appealed in any event, Avett sought by cross-assignment, to restore the amount of his recovery to that recited on the face of the judgment. This he was entitled to do.

A check of the evidence relative to the matter, however, discloses that damages in the amount of $400 would be against the great weight and preponderance of the evidence. Therefore, the trial court did not err in requiring the remittitur, in effect, reducing the judgment amount. The cross-assignment is overruled.

Judgment affirmed.