George GOLDEN, Appellant,

v.

C. W. HALLIDAY et al., Appellees.

No. 15674.

Court of Civil Appeals of Texas.

Dallas.

Sept. 30, 1960.

Rehearing Denied Oct. 28, 1960.

Clarence Bentley, Dallas, for appellant.

Fair & Wuntch, Dallas, for appellees.

YOUNG, Justice.

The suit against appellant was for debt in nature of a claimed real estate commission plus attorney's fees, following a listing of his property for sale. On trial to a jury on special issues, judgment was rendered against defendant for $2,000 together with $500 attorney's fee, from which appeal is taken.

Material facts at issue between the parties are reflected in the jury questions and answers, now summarized:

(1) That on or about July 6, 1958 George Golden agreed to sell and Thomas Courtney agreed to buy the property at 10007 Holloway Street, Dallas, for $40,000; (2) that at time of said agreement, Golden had the property at 10007 Holloway listed for sale with Ebby Halliday Real Estate Agency; (3) that Golden agreed to allow Courtney until July 21, 1958 to consummate or close any proposed purchase of said property; (4) that on or before July 21, 1958, Courtney was ready, willing, and able to consummate or close the purchase of this property; (5) that Golden did not receive notice of the fact that Courtney was ready, willing, and able to purchase the 10007 Holloway Street property; (6) that the Ebby Halliday Agency or the Fred Peek Agency were the procuring cause of the proposed sale of property from Golden to Courtney; (7) that reasonable compensation at Dallas,

Texas in July 1958 for the services performed by plaintiffs for defendant Golden was $2,000; (8) reasonable attorney's fee to David Wuntch for legal services in representing plaintiffs in the case was $500; (9) that on or about July 6, 1958 and before obtaining defendant Golden's signature on the proposed sales contract, plaintiff Ebby Halliday represented to Golden that the value of the property at 10007 Holloway Street would be greatly reduced within a short time by the widening of Walnut Hill Lane; (10) which representation was not false; (11) or made as a statement of fact; (12) but was made with intent to induce Golden to sign the sales contract in question; (13) Golden did not believe or rely on Ebby Halliday's representation referred in issue nine; (14) and would have signed the sale contract regardless of said representation; (15) that after the contract of sale was submitted on Sunday to defendant Golden he did initial or agree to changes to be made in the original form of such contract; (16) that before Courtney obtained a committment for a $27,500 loan at 5½%, Golden advised Courtney that he, Golden, would not go through with the sale in question; (17) that before Courtney had closed the sale of his Missouri property, defendant, Golden advised Courtney that he, Golden, would not go through with the deal.

The only exception taken to the court's charge was "for the reason that the wording of such issue (special issue No. 1.) results in the jury having to make a legal determination of the meaning of the words 'agreed to sell,' and it is not a fact issue but a mixed issue of fact and law."

Material to the claim of appellees were the following exhibits in evidence: (1) a 60-day "uniform listing contract, dated April 15, 1958, signed by the parties, describing the subject property, owner agreeing to sell at a price of $45,000, or any sum the owner may accept;" providing that if "broker procures a purchaser, owner agrees to pay broker at Dallas, Texas, a commission of 5% of the selling price" in event

of a sale during the contract period; (2) a renewal memorandum of date June 15, 1958 extending the listing of property for another 60 days; (3) a sales contract, dated July 6, 1958 signed by plaintiff broker and owner Golden, also by Thomas Courtney, Jr. purchaser, reciting a sale of the described property for $40,000 of which $2,-000 was deposited with broker pending consummation of sale; subject to following conditions: "Purchaser securing a mortgage in the amout of $27,500 at 5% interest, twenty-years * * * Final closing and possession upon finalization of purchaser's presently owned property at 937 Hawbrook Road, Glendale, Missouri * * which sale is to close 7–21–58." This last Exhibit again stipulated that "seller agrees to pay said agent the usual commission in accordance with the schedule recommended by the Dallas Real Estate Board as of this date."

In Amended Original Answer, defendant had denied liability for any commission; asserting expiration of the original listing agreement; insufficiency of the extension of the same to July 21, 1958 under Art. 6573a, Sec. 28, Vernon's Ann.Civ.St. (requiring any suit for real estate commission to be based on a writing signed by the party to be charged); of no basis for determination of reasonable compensation in form of commissions; that conditions imposed on purchaser Courtney had not been met; claim of homestead, Mrs. Golden not having signed the July 6, sales contract; fraud of plaintiff Halliday in false representation concerning widening of Walnut Hill Lane; and that the acquiescence by plaintiffs in a return to Courtney of the $2,000 earnest money constituted a recission of the sales contract in question.

On the other hand, Golden testified to having initiated the original listing contract by 'phoning Ebby Halliday, signing same in his home; of agreeing to pay a 5% commission of the asking price; and further that both he and Mrs. Golden had discussed the Courtney offer of $40,000, deciding to accept after overnight consideration, but that following a day or two of looking over other houses, they had decided not to go through with the Courtney proposal of purchase.

 Of appellant's nineteen points, several relate to issues one, two and three as being conclusions of law; that same and other issues (ten, eleven and twelve) either have no evidence in ˙support or are so against the overwhelming weight and preponderance of evidence as to "have resulted in an improper verdict." Contrary to the contention made, the initial issues (1, 2, 3) clearly involve questions of fact. They have support even in the testimony of defendant. The issues of fraud were concluded by jury answer 13 that Golden did not believe or rely upon the representations relative to probable Walnut Hill Lane widening and depressed vicinity property values in consequence. We have carefully considered all remaining points presented but deem it unnecessary to undertake any seriatim discussion with respect thereto. Unquestionably the repudiation of this sales contract was chargeable to defendant alone; the purchaser having obtained his loan and satisfied the condition relative to sale of his Missouri property; being ready, willing, and able to consummate his signed contract of purchase. In this connection it is well settled that a contract empowering a broker to sell realty which constitutes a homestead is binding upon the husband who signs the agreement, notwithstanding the fact that the wife did not sign. See Ryan v. Long, Tex.Civ.App., 183 S.W.2d 473; Nelson v. Jenkins, Tex.Civ.App., 214 S.W. 2d 140; Menzies v. Blum, Tex.Civ.App., 218 S.W.2d 875; Clark v. Ray, Tex.Civ. App., 25 S.W.2d 656; Peters v. Coleman, Tex.Civ.App., 263 S.W.2d 639. In essence, the principle stated in Stolaroff v. Campbell, Tex.Civ.App., 18 S.W.2d 838, 840 (C.C.A., El Paso) is controlling of this appeal. Said the Court:

"A broker employed to sell is entitled to compensation for his services when he procures a purchaser ready, willing, and able

to purchase the property at the price and upon the terms his principal authorized the property to be offered. The principal cannot defeat such right to compensation by refusing to consummate the sale. When the sale fails because of such refusal it is wholly immaterial whether the prospective purchaser by enforceable written contract has bound himself to purchase. The failure to consummate in such case is due to the default of the owner and is in no wise attributable to the want of such contract. If the failure to consummate the contract is due to the default of the broker's principal, such broker in order to recover compensation need plead and prove only that he procured a purchaser ready, willing, and able to purchase upon the terms authorized by the seller, and the latter refused to sell."

All points presented for reversal are severally overruled and judgment of the trial court is affirmed.