**Jesus TARIN et ux., Appellants,**

v.

**Santiago R. TARIN et al., Appellees.**

**No. 13665.**

Court of Civil Appeals of Texas.

San Antonio.

Oct. 19, 1960.

Rehearing Denied Nov. 16, 1960.

Henry Beltran, Rudolph Esquivel, San Antonio, for appellants.

Sawtelle, Hardy, Davis & Goode, J. R. Cade, San Antonio, for appellees.

MURRAY, Chief Justice.

This suit was instituted by Santiago R. Tarin and several others, in the form of trespass to try title, against Jesus Tarin and wife, Leonor Tarin, and Maria Tarin, N. C. M. The plaintiffs alleged that on the 3rd day of February, 1955, they were in possession of a certain 163.4 acre tract of land situated in Bexar County, Texas, and that on February 4, 1955, the defendants unlawfully entered upon and dispossessed them of said land.

The real object of the suit was to obtain a judgment declaring an instrument in the form of a warranty deed, dated January 8, 1953, executed by Victoria R. Tarin to Jesus Tarin and his wife, Leonor Tarin, to be a mere mortgage. The trial judge held that this instrument in the form of a warranty deed was only a mortage, and Jesus and Leonor Tarin have prosecuted this appeal.

The only point presented by appellants is as follows:

"The findings of fact and judgment of the court that the instrument, dated January 8, 1953, from Victoria R. Tarin to Jesus and Leonor Tarin, same being a deed absolute on its face, was intended by the parties thereto to be a mortgage for the security of money then owed by Victoria R. Tarin to Jesus and Leonor Tarin."

The evidence shows that Dionicio L. Tarin and Victoria R. Tarin were husband and wife. There were born to this marriage eight children: Jose, Joaquin, Guadalupe, Teresa, Maria, Santiago, Augustin, and Jesus. Dionicio L. Tarin, the father, died in 1937, and the mother, Victoria R. Tarin, died October 26, 1953. After her husband's death, Victoria R. Tarin, on January 8, 1953, executed an instrument in the form of a warranty deed to her son Jesus and his wife, Leonor. This instrument recited, among other things, that a vendor's lien note in the sum of $2,800 was executed by grantees payable to the order of Paul Stutz. At the time this instrument was executed, Mrs. Victoria R. Tarin had executed liens against this 163.4 acre tract of land to secure some $5,000 indebtedness. Payments had not been kept up on this indebtedness and she was threatened with foreclosure. She discussed her situation with her son Jesus and he told her that his wife had the sum of $3,000, and that he could borrow the sum of $2,800 from Paul Stutz, but that he would need collateral to borrow the money. Victoria R. Tarin executed the deed above referred to, describing the vendor's lien note payable to Paul Stutz in the sum of $2,800. As a result of

this transaction, Jesus took the $3,000 belonging to his wife, and the $2,800 secured from Stutz, and paid off the former indebtedness against the land. Mrs. Victoria R. Tarin remained in possession of the land, together with some of her children, especially Augustin, and they made some payments upon the indebtedness to Stutz. There is a great deal of testimony as to just what the understanding between Jesus and his mother was at the time of the execution of the deed. The trial judge found that the instrument dated January 8, 1953, from "Victoria R. Tarin to Jesus and Leonor Tarin, which was in evidence before the Court, was intended by the parties thereto to be a mortgage for the security of money then owed by Victoria R. Tarin to Jesus and Leonor Tarin." This finding is supported by the evidence. The evidence must be viewed in the light most favorable to the judgment, and when this is done it would appear that Jesus and Leonor understood at the time that the instrument was executed to secure the money they were lending their mother, and that when the money was refunded to them the land would belong to the mother and all the children. Among other things, the following circumstances strongly support the finding of the court. Mrs. Victoria R. Tarin and her children were badly in need of money to take care of the mortgage on the land. The land was worth a great deal more than the $5,800 involved in the transaction. Jesus and Leonor Tarin waited thirteen months after the mother's death before they asserted their ownership and right of possession. The possession of the land did not change hands when the instrument was executed. Jesus and Leonor Tarin executed an oil and gas lease on this land and received a bonus of $775, which was paid on the indebtedness against the land. The evidence supports the finding of the court that the deed absolute in form was intended as a mortgage.

It is well settled law in this State that a warranty deed absolute on its face may be shown by parole evidence to be only a mortgage. Bradshaw v. McDonald, 147

Tex. 455, 216 S.W.2d 972; Smith v. Rozelle, Tex.Civ.App., 282 S.W.2d 122; Keely v. Carpenter, Tex.Civ.App., 67 S.W.2d 328.

Appellee Maria Tarin, being a person of unsound mind, was represented at the trial by an attorney appointed by the court. Her attorney has filed a separate brief for her herein as an appellee, contending that the judgment was in error in not allowing her a greater fractional interest in the land. The record fails to show that she excepted to the judgment and she has filed no cross-points. In the absence of an exception to the judgment and cross-points, we can not entertain this contention. Rule 420, Texas Rules of Civil Procedure; 3-B Texas Jurisprudence, § 705, p. 155, and § 771, p. 159; Cowling v. Colligan, Tex., 312 S.W.2d 943; Le Master v. Fort Worth Transit Co., 138 Tex. 512, 160 S.W.2d 224; Davis Motors, Dodge & Plymouth Co. v. Avett, Tex.Civ. App., 294 S.W.2d 882.

The judgment is affirmed.