H. B. BRIDWELL, Appellant,

v.

Mrs. Melba SANDEFUR et al., Appellees.

No. 3817.

Court of Civil Appeals of Texas.

Waco.

Dec. 19, 1960.

Rehearing Denied Jan. 12, 1961.

H. M. McPherson, Cleburne, for appellant.

Cureton & Cureton, Meridian, for appellee.

TIREY, Justice.

This action is one to recover commission for the sale of real estate. Trial was had without the aid of a jury, and judgment was entered on behalf of plaintiffs for 5% commission of the sales price. There was no request for Findings of Fact and Conclusions of Law, and none filed.

The judgment is assailed on two points. They are substantially to the effect that the court erred (1) in failing to render judgment for the appellant at the conclusion of the testimony because appellees failed to comply with Art. 6573a, Sec. 28, Vernon's Ann.Civ.St.; (2) because the court's judgment was rendered on a contract that had been rescinded by the acts of appellees as agent of appellant, because the contract could not be consummated according to its terms, and because the actual sale was made on other terms and not the result of appellees' efforts. We overrule each of these points for reasons which we shall hereinafter briefly state.

The record shows without dispute that on June 5, 1959, the plaintiffs obtained a written contract of sale of the property in question from appellant, Bridwell, to and with John W. Carter as purchaser, which provided for a contract price of $11,250. Such contract provided that "this sale is contingent upon purchaser obtaining an FHA loan of $10,800.00". The contract further provided that the seller agreed to pay the undersigned agent 5% commission. Thereafter, on the 6th day of July, 1959, Bridwell conveyed the property to John W. Carter and his wife, Mrs. Bernice Carter, for a cash consideration of $1,000, and the further consideration of grantees executing their note for $7,000 payable to the Cleburne Savings & Loan Association at Cleburne, Texas, in monthly payments, and bearing interest as therein provided—other terms not pertinent here—and the further consideration of the grantees' executing and delivering their note for $3,250 payable to H. B. Bridwell, the grantor, in installments, and bearing interest as therein provided, further provisions of this note not being material here except that the $7,000 note was secured by a prior and superior lien, and that the second note for $3,250 was secured by an inferior lien, the foregoing items of consideration totalling $11,250.

Going back to the original contract of sale, at the time the parties executed this contract, the purchaser issued a check in the sum of $200, which was given as an evidence of good faith (it does not clearly appear whether this check was payable to the agent or to the seller) which sum was to be applied as part payment for the property upon the final consummation of the trade. Testimony was tendered to the effect that the seller advised the real estate agent that the property had a loan of $10,800, or that it would carry a loan of $10,800, but after the contract was made between the parties, it was ascertained that there was no loan and lien outstanding against the property, and that a loan would have to be obtained in order for the purchaser to complete the sale, which was known to the seller, and after some negotiation, all parties found out that a loan of $10,800 could not be obtained upon the property. After some days of negotiation, the real estate agent surrendered the check for $200 to the Carters, being of the view that the seller would not make the sale unless he could obtain $10,800 in cash. Testimony was tendered to the effect that thereafter, the seller and the purchaser continued their negotia-

tions, and they ascertained that the Cleburne Savings & Loan Association would make a loan of $7,000. Thereupon, the seller agreed to take purchaser's note for $3,250, secured by a second lien, and purchaser agreed to furnish $1,000 cash, and on this basis the parties completed the sale for the sum of $11,250, which was the original purchase price quoted by the seller to the purchaser.

We have reviewed the evidence very carefully and we think it is sufficient to support the implied finding of the trial court that the plaintiffs were the procuring and efficient cause of the sale, and that by reason thereof they had earned the 5% commission that the seller had agreed to pay.

As we understand appellant's position, it is to the effect that when the plaintiffs began their work of trying to find a purchaser for seller's property, they were doing so under the terms of an oral contract, and that by reason thereof they had not complied with the foregoing statute here cited. We think there is no merit in this contention because the record is without dispute that the plaintiffs were duly licensed real estate agents, and that when they were ready to bring the seller and the purchaser together, they provided in the contract of sale that the seller was to pay them a commission of 5%. We think that agreement written into the contract of purchase and sale, is sufficient, and complies with the provisions of the statute. We think the foregoing factual situation is controlled by the pronouncement made by our Supreme Court in Goodwin v. Gunter, 109 Tex. 56, 185 S.W. 295, pts. 1 and 2, p. 296. There we find this statement:

"It is a general doctrine that in order for a broker to be entitled to commissions under a contract stipulating for their payment in the event of his sale of given property upon stated terms, a purchaser must have been produced through his efforts, ready, able and willing to buy the property upon the contract terms; otherwise the contract is not fulfilled upon the broker's part and the commissions are therefore not earned. But the commissions are earned and the broker is entitled to their payment according to the contract if, while it is in force, he procures a purchaser to whom the owner directly makes a sale upon terms which are satisfactory to himself, though different from those limited to the broker and yielding the owner a less amount than that for which the broker was empowered to sell. This is but a rule of fairness and right. In such a case the owner receives the full benefit of the broker's effort. Through the diligence of the broker a buyer is produced."

See also Goodwin v. Gunter, 109 Tex. 56, 195 S.W. 848. Our Supreme Court reaffirmed the foregoing doctrine in Air Conditioning, Inc. et al., v. Harrison-Wilson-Pearson, 151 Tex. 635, 253 S.W.2d 422. The foregoing principle of law has not been changed by our Supreme Court. See also Anderson-Berney Building Co. v. Swan, Tex.Civ.App., 133 S.W.2d 269, pt. 9, writ ref. See also Graves v. Baines, 78 Tex. 92, 14 S.W. 256. Judgment adopted by the Supreme Court. See Spires v. Mann, Tex.Civ.App., 173 S.W.2d 200, writ ref.

The judgment of the trial court is affirmed.