**V. J. MALONEY et ux., Appellants,**

v.

**Robert H. STRAIN, Jr., Appellee.**

**No. 4099.**

Court of Civil Appeals of Texas.

Eastland.

Oct. 14, 1966.

Rehearing Granted Nov. 18, 1966.

Sam Cleveland, Dist. Atty., Stephenville, for appellants.

Thomas J. Newton, Mineral Wells, for appellee.

COLLINGS, Justice.

Robert H. Strain, Jr., a licensed real estate broker, brought suit against V. J. Maloney and wife for real estate commissions in the amount of $300.00. The Maloneys answered alleging that plaintiff did not have a written contract listing their property for sale and agreeing to pay a commission, as required by law, at the time he found a purchaser and at the time a contract of sale was entered into between defendants and such purported purchaser. The case was tried before the court without a jury and judgment was rendered in favor of plaintiff for $175.00, with interest. The Maloneys have appealed from the judgment. Strain has also appealed, asserting that he was entitled to a judgment for $300.00 as provided in the contracts for sale of the property.

Article 6573a, Sec. 28, Vernon's Ann.Tex. Civ.St. provides as follows:

"No action shall be brought in any court in this State for the recovery of any commission for the sale or purchase of real estate unless the promise or agreement upon which action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereunder lawfully authorized."

The record shows that Robert H. Strain, Jr., was at all times material a licensed real estate agent. He entered into two contracts in writing with V. J. Maloney and wife to sell their property on a 5%

commission basis. The first of these contracts was executed on July 10, 1963 and the second on November 26, 1963. Both of said contracts provided for a listing of the Maloney property for a period of ninety days and further that any person Strain might interest in the purchase of said property should be considered Strain's customer for a period of six months after termination of the listing. No prospective purchaser was secured by Strain during the time stated in the contracts. From time to time thereafter, however, the Maloneys urged Strain to continue his efforts to sell their property. On March 3, 1964, the Maloneys sent a postcard to Strain stating "Hope we have a call soon." Strain testified that sometime after March 1, 1964, he first contacted Leslie Cox and interested him in the purchase of the Maloney property. Thereafter on about September 1, 1964, Strain brought Mr. Maloney and Mr. Cox together in regard to the matter. On September 13, 1965, the Maloneys executed a sales contract with Leslie Cox, the prospective purchaser secured by Strain in which the Maloneys agreed to sell and Cox agreed to purchase the land for $6,000.00. This contract contained a provision that sellers would furnish abstract showing good title and that the sellers would pay the Strain Agency a commission equal to 5% of the stated purchase price for services in connection with the sale, "said commission to be paid out of the first monies received upon closing." Title objections were made by Cox's attorney and the Maloneys sought to cure such objections. On November 18, 1965, the Maloneys had not furnished one of the title instruments required, and at a meeting between the Maloneys, Mr. Strain and Mr. Cox, the sales contract was torn up. The record shows, however, that at the time the contract of sale was torn up the Maloneys had in their possession an affidavit which would have cleared the final objection to the title. The record further shows that neither Strain nor Cox knew that such affidavit was in the possession of the Maloneys at the time the contract was torn up. They testified that had they known of the existence of the affidavit they would not have torn up the contract. The attorney representing Cox testified that if such affidavit had been submitted to him he would have approved it as removing his last objection to the title. Mr. Cox testified that if he had known that the title objection had been met by securing such affidavit he would have been willing to accept a deed to the land and pay the agreed price of $6,000.00 for the land.

Appellants, V. J. Maloney and wife, urge two points contending that the court erred in rendering judgment for Strain for any amount (1) because at the time of the finding of the purchaser by Strain he did not have a written contract with appellants then in effect listing the property for sale and (2) because at the time of the entering into the contract of sale and purchase between the Maloneys and purchaser Cox, the written contract of listing between the Maloneys and Strain had expired more than a year prior thereto, and Cox was not then a customer of Strain. These points are overruled.

The Maloneys are correct in the contention that the written contracts of July 10th and November 26, 1963, listing the property for sale with Strain had expired and were of no further force and effect. Strain was not entitled to recover under and by virtue of these contracts. The record, however, shows subsequent dealings between the parties whereby Strain at the instance of the Maloneys continued his effort to make a sale, and procured Leslie Cox, a prospective purchaser of the property. It is undisputed that on September 13, 1965, the Maloneys, by reason of the efforts of Strain, entered into a written contract with Cox for the sale and purchase of the property for $6,000.00. One of the provisions of the contract of sale was that the Maloneys were to pay to Strain a commission of 5% of the purchase price. This written contract was signed by the Maloneys. It is held that such a contract of purchase and sale which provides that the

seller shall pay a stated commission to the real estate agent is sufficient to comply with Sec. 28 of Article 6573a. Bridwell v. Sandefur, 341 S.W.2d 710 (Tex.Civ.App. 1960, writ dismissed). It is further held that a real estate agent so employed to sell is entitled to compensation for his services when he procures a purchaser who is able, ready and willing to purchase the property at the price and upon the terms authorized. 12 C.J.S. Brokers § 85 page 187; Kendrick v. Boon, 254 S.W.2d 1016 (Tex.Civ.App. 1953, ref. n. r. e.); Golden v. Halliday, 339 S.W.2d 715 (Tex.Civ.App.1960, writ dismissed); Goodwin v. Gunter, 109 Tex. 56, 185 S.W. 295, 195 S.W. 848; Stevens v. Karr, 119 Tex. 479, 33 S.W.2d 725; McNeil v. McLain, 272 S.W.2d 573 (Tex.Civ.App. 1954, no writ history). Strain had procured a purchaser ready, able and willing to purchase the property as provided in the contract and was entitled to his commission.

■ It is true that the written contract in question was later torn up by agreement of all the parties when it appeared that the Maloneys were unable to satisfy an objection to the title but the record shows, conclusively, that at the time the contract was torn up Mr. Maloney had in his possession an affidavit which fully met the last remaining title objection. The evidence shows that Cox was ready, willing and able to purchase the property on the terms provided in the contract. The failure to consummate the sale was not due to the fault of Strain but to the fault of the Maloneys. Under such circumstances, Strain was entitled to the commission provided in the contract. West Realty & Investment Co. v. Hite, 283 S.W. 481 (Tex.Com.App.); Air Conditioning, Inc. v. Harrison-Wilson-Pearson, 151 Tex. 635, 253 S.W.2d 422 (1952); Golden v. Halliday, supra; Lattimore v. George J. Mellina & Co., 195 S.W. 2d 250 (Tex.Civ.App.1946, no writ history); Peters v. Coleman, 263 S.W.2d 639 (Tex. Civ.App.1953, no reversible error); Merzbacher v. Kirk, 278 S.W.2d 544 (Tex.Civ. App.1954, writ dismissed); Caneer v. Martin, 238 S.W.2d 828 (Tex.Civ.App.1951, writ dismissed); Kittrell v. Barbee, 198 S.W.2d 155 (Tex.Civ.App., 1946, writ dismissed); McGregor v. Alexander, 274 S.W. 2d 867 (Tex.Civ.App.1954, Ref. N.R.E.).

Strain's counterpoints urging in effect that the court erred in not rendering judgment in his favor for the full 5% commission provided in the sales contract is well taken. At the instance of the Maloneys Strain secured a purchaser who was ready, able and willing to purchase their property at the agreed price. By reason of Strain's efforts the Maloneys and the prospective purchaser, Cox, entered into a written sales contract which was signed by the Maloneys. By the terms of the sales contract the Maloneys were obligated to pay to Strain a 5% commission. Strain was entitled to the full commission. The judgment for Strain is proper but should be and is hereby modified to grant him recovery of the full 5% commission provided in the contract, towit, $300.00.

The judgment is reformed and affirmed.

## ON MOTION FOR REHEARING

In their motion for rehearing appellants particularly urge that we erred in reforming the judgment and giving appellee Strain the full five percent (5%) commission sued for because appellee did not except to that judgment in the trial court and complained of the judgment for the first time by counterpoints set forth in his brief filed in this court. Appellants' contention in this respect is well taken.

■ The trial was before the court without a jury and no motion for a new trial was required as a prerequisite for an appeal. Rule 324, Texas Rules of Civil Procedure. In such a case a Court of Civil Appeals is authorized to consider errors assigned by an appellee by way of cross-points even though he has not perfected an appeal. Bowman v. Puckett, 144 Tex. 125, 188 S.W.2d 571; Dallas Electric Supply Co. v. Branum Co., 143 Tex. 366, 185 S.W. 2d 427; English v. Century Indemnity Co.,

342 S.W.2d 366 (Tex.Civ.App. no writ history); South Texas Building Co. v. Ideal Engineering, Inc., 402 S.W.2d 292 (Tex. Civ.App.), 1966 n. r. e. It is required, however, that an appellee must apprise the trial court of any complaint or objection he has to the judgment. First National Bank in Graham v. Corbin, 153 S.W.2d 979 (Tex.Civ.App.), 1941 ref. w. m.; Rule 324, supra. In the instant case appellee did not except to the judgment, give notice of appeal therefrom, or in any manner apprise the court of his dissatisfaction therewith. His cross-points should be and are therefore overruled. West Texas Utilities Co. v. Irvin, 161 Tex. 5, 336 S.W.2d 609; Tarin v. Tarin, 340 S.W. 2d 364 (Tex.Civ.App.), 1960 n. r. e.; Walker-Smith Co. v. Coker, 176 S.W.2d 1002 (Tex.Civ.App.), 1943, ref. w. m.

The judgment is in all things affirmed.